**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
MICHAEL GAFFNEY,

          Plaintiff,

          -against-

MUHAMMAD ALI ENTERPRISES LLC, et al.,

          Defendants.

------------------------------------------------------------x

No. 18-CV-8770 (GBD) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of the parties' Rule 26(f) Meeting and Proposed Case Management Plan. (ECF 38). After review of the pleadings and parties' Rule 26(f) report, the following scheduling order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Discovery.** All fact discovery shall be completed by **December 1, 2020.** All expert discovery shall be completed by **February 15, 2021.** Parties are directed to submit a status letter on **May 14, 2020**, *see infra*.

**Discovery Disputes.** The parties are required to follow the Court's Individual Practices when seeking Court intervention on discovery disputes. *See* https://nysd.uscourts.gov/hon-ona-t-wang. Specifically, parties shall follow Local Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not

resolve the dispute, the party may submit an ECF letter-motion to the Court or, if applicable, to the Pro se Intake Clerk, no longer than 3 single-spaced pages, explaining the nature of the dispute and requesting a conference. Such letter must include a representation that the meet-and-confer process occurred, including when and whether it was in person or over the telephone. Any responsive letter should be submitted within three business days after submission of the letter-motion. Parties shall keep in mind Rule 1 of the Federal Rules of Civil Procedure, which requires the Court and the parties to construe, administer, and employ the rules of procedure to secure the just, speedy, and inexpensive determination of every action. Parties also shall keep in mind Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Discovery motions should address these rules to the extent applicable.

**Amendments**. Plaintiff may amend his complaint by **July 15, 2020**.

**Status Letter**. A joint letter informing the Court about the status of discovery shall be filed with the Court on **May 14, 2020.** The letter should address any outstanding discovery disputes, and the efforts made by the parties to resolve these issues without Court intervention.  It should also indicate whether the parties wish to schedule an early settlement conference and, if so, include proposed dates on at least two consecutive

weeks. The parties are, however, encouraged to contact the Court earlier if they believe a settlement conference sooner would be productive.

**Trial.** Plaintiff requests a jury trial.

**SO ORDERED.**

Dated: April 16, 2020
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge