# FERDINAND IP
### L A W   G R O U P
IP | LICENSING | CORPORATE | LITIGATION | VALUATION

JESSICA S. RUTHERFORD
jutherford@fiplawgroup.com
Admitted in NY and CT

July 31, 2020

**VIA ECF**
Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> **Re:**   ***Gaffney v. Muhammad Ali Enterprises, LLC et al.***
> **Civil Action No. 1:18-cv-08770-GBD-OTW**

Dear Judge Wang,

  Defendants Muhammad Ali Enterprises, LLC ("MAE") and Authentic Brands Group, LLC ("ABG") (collectively the "MAE Defendants") respectfully submit this letter brief in response to Plaintiff Michael Gaffney's Motion to Compel production of certain documents requested in Plaintiff's First Request for Production of Documents ("RFP") and for an award of costs.

## I.  Factual and Procedural Background

  In his Second Amended Complaint, Plaintiff alleges copyright infringement, as well as a violation of Section 1202 of the DMCA, by MAE, ABG, Roots of, Inc, and unnamed Does 1-10, contending that Defendants have improperly posted on the internet certain photographs (the "Photographs"), in which Mr. Gaffney allegedly owns exclusive copyright, after the alleged expiration of a license agreement between Plaintiff and the MAE Defendants in January 2015.

  The MAE Defendants contend, *inter alia*, that many of the Photographs were not validly registered at the time this action was commenced, that at least two of the Photographs are in the public domain, that the statute of limitations has run with respect to at least some of the alleged infringement, that the MAE Defendants are not liable due the equitable defenses of waiver, estoppel, acquiescence and Mr. Gaffney's unclean hands, that their use and their licensees' use of the Photographs is consistent with the terms of the

**FERDINANDIP.COM**

**NEW YORK OFFICE**
450 7th Avenue
Suite 1300
New York, NY 10123
P +1 (212) 220 0523
F +1 (203) 905 6747

**WESTPORT OFFICE**
1221 Post Road East
Suite 302
Westport, CT 06880
P +1 (203) 557 4224
F +1 (203) 905 6747

**SAN DIEGO OFFICE**
2255 Avenida  de la Playa
Suite 8
La Jolla, CA 92037
P +1 (858) 412 4515
F +1 (203) 905 6747

**SILICON VALLEY OFFICE**
800 W. El Camino Real
Mountain View, CA 94040
P +1 (650) 903 2201
F +1 (203) 905 6747

license agreement, and that Mr. Gaffney suffered no actual damages, and the MAE Defendants generated no profit, from their use or their licensees' use of the Photographs.

## II.     Legal Argument

Parties are entitled to discovery of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "[D]iscovery, although broad under the federal rules, has limits," and "[o]ne of these limits is that discovery requests ... cannot be based on pure speculation or conjecture." *In re Alliance Pharm. Sec. Litig.*, 1995 WL 51189, at *1 (S.D.N.Y. Feb. 9, 1995). In addition, the material sought must be in the responding party's "custody, possession or control." Fed. R. Civ. P. 26(a)(1). Although a party objecting to a request for production of documents must "state with specificity the grounds for objecting to the request, including the reasons," Fed. R. Civ. P. 34(b)(2)(B), a party moving to compel bears the burden of demonstrating relevance and proportionality, *Benn v. City of New York*, 2019 WL 4857339 (S.D.N.Y. Oct. 2, 2019).

### A. The MAE Defendants responded with specificity to each RFP; Plaintiff is not entitled to costs.

Plaintiff contends that the MAE Defendants have provided inappropriate responses and therefore waived objections to RFP Nos. 3, 6, 7, 8, 10, 12, 13, 17, 21, 22, 24-26, 28, 29, 31, 33, and 35-39. The sole ground for this argument is the MAE Defendants' reincorporation of certain responses to RFPs in subsequent responses. The fact that multiple RFPs are invalid for the same reason as others, however, in no way establishes that Defendants' responses to those requests are inappropriate or lacking in specificity. Indeed, Plaintiff acknowledges the common bases for many objections and responds in kind in its letter brief. *See* Gaffney Letter Brief dated July 17, 2020 ("Gaffney Letter Brief") at pp. 2-5, Dkt. No. 63. Each of the MAE Defendants' responses, whether incorporated by reference or not, explains with specificity its ground for objection. *See* Dkt. No. 62, Ex. B. No response is merely a "general and conclusory objection[] as to relevance, overbreadth, or burden." *Gropper v. David Ellis Real Estate, L.P.,* 2014 WL 518234, *4 (S.D.N.Y. Feb. 10, 2014) (internal citation and quotation omitted). The MAE Defendants have provided detailed and proper responses to the RFP and met and conferred in good faith. Plaintiff is therefore not entitled to costs.

### B. The MAE Defendants have produced all relevant financial information.

In response RFP Nos. 30, 31, and 34-40, the MAE Defendants have produced all royalty statements and payments made to Plaintiff since the effective date of the license agreement. Thus, the MAE Defendants have produced documents evidencing their direct revenues and profits from the licensed use of the Photographs since January 2015. The MAE Defendants have not received any revenue (or profit) from their own use of the Photographs, thus no such documents exist. The remainder of the information sought by Plaintiff is irrelevant because it is based on a wholly speculative theory of "indirect profit."

Plaintiff is not entitled to any share of the MAE Defendants' income or profits earned from sources unrelated to the use of the Photographs. *See On Davis v. Gap,* 246 F.3d 152, 160 (2nd Cir. 2001) (affirming district court's finding that defendant's overall revenues had no "reasonable relationship" to act of infringement); *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 713-714 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en banc* (Oct. 24, 2004), *opinion amended on denial of reh'g*, 2004 WL 2376507 (9th Cir. Oct 24, 2004) (plaintiff may not recover indirect profits derived from infringing use without non-speculative causal link between infringing use and increased revenue from sale of unrelated goods). Plaintiff here proffers a wholly speculative theory that use of allegedly infringing images generated indirect profits: He argues that the mere presence of the Photographs on websites and social media that do not directly sell or advertise any products somehow led to sales of products that did not contain the Photographs, on sites that did not display the Photographs. This case therefore bears close resemblance to *Bell v. Taylor*, 827 F.3d 699, 710-711 (7th Cir. 2016) (affirming denial of motion to compel tax returns sought to establish indirect profit from use of infringing photo on real estate agent's website), and *Structured Asset Sales, LLC v. Sheeran*, 433 F. Supp. 3d 608, 612-613 (S.D.N.Y. 2020) (denying motion to compel production of financial documents unrelated to infringing live performances of song, where plaintiff "has not identified any non-concert merchandise or any endorsements *for which profits are clearly attributable to infringing performance*.") (emphasis added). As in *Bell* and *Structured Assest,* there is no ground to compel production of financial data on the basis of such speculation. In contrast, the cases cited by Plaintiff involved a much more direct nexus between the allegedly infringing use and the claimed indirect profits, such as use of an image in a defendant's central advertising campaign, or use of an image to promote works in an art exhibition in which the image appeared. *Compare Laspata Decaro Studio Corp. v. Rimowa GMBH*, 2018 WL 3059650, * 7 (S.D.N.Y. Jun. 20, 2018) (considering evidence of indirect profit where allegedly infringing image served as cover image for lookbook used as primary means of advertising defendant's products); *Graham v. Prince*, 265 F. Supp. 3d 366, 388 (S.D.N.Y. 2017) (causal nexus between alleged infringement and use of photograph in promotional and advertising materials relating to an art exhibition in which the image appeared was pled sufficiently to withstand motion to dismiss). Moreover, Plaintiff offers no basis whatsoever from which to infer the relevance of financial information related to revenue derived from other celebrities or brands that bear no connection to Muhammad Ali. *See On Davis,* 246 F.3d at 159-160 (revenue from all Gap parent company brands not relevant where alleged infringement related to single brand and product line).

Further, Plaintiff offers no non-speculative reason why revenues earned prior to the alleged expiration of the license agreement are relevant, given that Plaintiff does not claim infringement prior to the alleged expiration date or breach of the license agreement. His contentions that such revenue would "place the revenues earned after [the alleged termination] in perspective" and would "shed light" on whether the MAE Defendants exceeded the scope of the license during its term, *see* Letter of Robert E. Allen, June 12, 2020, p. 8, Dkt. No. 63, Ex. C., only highlights the speculative nature of this request. Plaintiff declines to state whether the discovery of higher revenue, lower revenue, or similar revenue would be helpful to any aspect of his claim, allowing himself maximum flexibility to use *any* relative revenue figure in support of his claim. Plaintiff thus offers no

reasonable basis to conclude that the evidence sought would support his claim.  *See In re Grabis*, 2018 WL 6132045, at *13 (S.D.N.Y. Nov. 20, 2018) (denying discovery of financial documents where party failed to "show[] that these documents would support his wholly speculative theory"). [1]

### C.  The MAE Defendants have produced all relevant documents concerning digital copies of the Photographs.

In response to RFP Nos. 1, 2, and 3, the MAE Defendants stated that copies of the Photographs as originally obtained by MAE have not been within the MAE Defendants' possession, custody or control since 2014.  The MAE Defendants have produced screen shots of the places where digital copies of the Photographs have been stored since 2014, as well as a copy of each Photograph stored in media owned, managed, leased, licensed, rented or used by the MAE Defendants. Plaintiff offers no plausible reason why the additional material sought would be relevant (or how its production is proportional to the needs of the case), proffering only conclusory suggestions that changes in metadata are relevant, without any reference to the underlying substantive law of copyright.  *See Fox v. Morreale Hotels*, 2011 WL 2894066, *2 (D. Colo. July 20, 2011) (relevance of discovery material can only be established through reference to "controlling substantive law") (*citing* 6 *Moore's Federal Practice* § 26.41 (3rd Edition 2011)). There is therefore no basis to compel production of these materials.

### D.  The MAE Defendants have produced all policies, guidelines and agreements concerning the Photographs.

In response to RFP Nos. 5-8, the MAE Defendants produced all corporate policies and internal guidelines concerning the Photographs.  Likewise, in response RFP Nos. 4, 9 and 10, the MAE Defendants produced all agreements, including licenses, concerning the Photographs.  The MAE Defendants also produced documents and communications concerning royalty payments for the use of the Photographs.  Plaintiff offers no non-speculative basis for the relevance of additional policies, guidelines, agreements or communications.

### E.  Plaintiff improperly seeks to compel production of material not in the MAE Defendants' possession, custody or control.

In response to RFP Nos. 11, 12, and 13, the MAE Defendants stated that they do not maintain the dates of posts to their websites, nor do they maintain copies of their websites. To the extent these requests seek documents concerning websites not owned, controlled, affiliated or sponsored by the MAE Defendants, the information sought is not within their possession, custody or control, and the MAE Defendants do not have access or

---

[1] Similarly, Plaintiff's requests for documents relating to analytics or tools used to measure web traffic before the alleged expiration (RFP No. 14), and communications between the parties before the alleged expiration (RFP Nos. 16, 17 and 18) are also irrelevant.

the practical ability to obtain it.  This material should therefore more properly be the subject of a third-party subpoena issued by Plaintiff. *Shcherbakovskiy v. Da Capo Al Fine, Ltd*., 490 F.3d 130, 138 (2d Cir. 2007) ("we…. think it fairly obvious that a [responding] party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents."); *see also CBF Industria de Gusa S/A v. AMCI Holdings, Inc*., 2019 WL 3334503, *14 (S.D.N.Y. July 25, 2019) (burden of demonstrating that party from whom discovery is sought has practical ability to obtain documents at issue lies with party seeking discovery)

      Similarly, in response to Plaintiff's requests for documents sufficient to show "Linked Websites" (RFP No. 32), products and services sold through "Linked Websites" (RFP No. 33), and documents relating to the MAE Defendants' ownership and control of "Fan Websites" (RFP No. 15), the MAE Defendants responded that they have no documents responsive to RFP No. 32 and 33 in their possession, custody or control, and do not own, control or affiliate with the "Muhammad Ali The Greatest" or "Muhammad Ali, GOAT" websites.  My prior statement indicating the MAE Defendants' ownership interest in "Muhammad Ali, GOAT" was in error.  No documents responsive to RFP No. 15 exist.

      **F.**  **Plaintiff has not established the relevance or proportionality of documents concerning file transfer protocols or additional digital records concerning digital asset management software.**

      In response to RFPs 19-29, the MAE Defendants produced screen shots of the places on the Royalty Zone Platform where the Photographs were stored since 2014, as well as copies of all agreements between the MAE Defendants and third parties concerning the Photographs. They have further agreed to produce reports identifying each third party with access to the Photographs via the platform and each download of a Photograph by a third party via the platform after the alleged expiration of the license agreement. Contrary to Plaintiff's assertion, the MAE Defendants' "use of FTP to transfer the Photographs to third parties" and/or any additional digital records concerning the Royalty Zone Platform are irrelevant.

      For the foregoing reasons, the MAE Defendants respectfully request that Plaintiff's Motion to Compel Discovery be denied.

              Respectfully submitted,

              **FERDINAND IP, LLC**

              /s/*Jessica S. Rutherford*
              Jessica S. Rutherford

cc: Plaintiff's counsel of record (via ECF)