# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Robert E. Allen

December 18, 2020

**Direct Dial**
310.282.6280
**Direct Fax**
310.785.3580
**Email**
rallen@glaserweil.com

**VIA ECF**

Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

MEMO ENDORSED

Re:   *Gaffney v. Muhammad Ali Enterprises, LLC, et al.*
      Civil Action No. 1:18-cv-08770-GBD-OTW

Dear Judge Wang:

Pursuant to the Court's December 2, 2020 Order (Dkt. No. 90) directing the parties to meet and confer and file a joint status letter, the parties submit the following statements of their respective positions.

**Plaintiff Michael Gaffney**

Gaffney respectfully requests an extension of the discovery period of at least 90 days, as requested in MAE/ABG's letter to the Court dated December 1, 2020 (Dkt. No. 88). Though Gaffney has diligently attempted to meet the deadlines set forth in the Scheduling Order, Dkt. No. 39, several issues remain which necessitate an extension. Further, during the February 26, 2020 settlement conference, Gaffney had requested that the discovery deadline be extended in light of counsel's upcoming surgery, and, as counsel recalls, the court stated that it would grant that extension if requested.

Following the Status Conference that took place on September 30, 2020, the parties met and conferred as ordered by the Court to discuss, among other things, MAE/ABG's compliance with Gaffney's document requests that were part of Gaffney's first set of requests for production, served on May 4, 2020, and for which Gaffney's motion to compel was filed on July 17, 2020 (Dkt. 63). During the meet-and-confer, counsel for MAE/ABG agreed to search for and produce several categories of documents.

Since then, MAE/ABG has supplemented its discovery responses and produced four volumes of documents (on October 29, November 5, November 17, and November

Honorable Ona T. Wang
December 18, 2020
Page 2

30). Since MAE/ABG's production was not purportedly complete until the day before the fact discovery cutoff, Gaffney could not have identified its deficiencies, conferred about them, and (if necessary) filed a motion, even with the utmost diligence.

And indeed, Gaffney has identified several deficiencies in MAE/ABG's document production, which he has enumerated in a December 8, 2020 letter to counsel for MAE/ABG. Gaffney received a response to this letter on December 14, which indicates that MAE/ABG will be continuing to produce responsive documents. MAE/ABG served a production of documents on Gaffney today, December 18. Gaffney has conducted a preliminary review of this production and believes that some deficiencies still remain. Gaffney has continued to produce documents as requested by MAE/ABG and has complied with his discovery obligations.

MAE/ABG's last-minute document productions have also hampered Gaffney's ability to conduct effective depositions. Without a complete document production from MAE/ABG, Gaffney has been unable to formulate precise 30(b)(6) topics and depose relevant fact witnesses. Nevertheless, Gaffney is committed to working with MAE/ABG to complete fact discovery in a timely fashion.

For the foregoing reasons, Gaffney respectfully requests an extension of the time to complete fact discovery to March 1, 2021 and the time to complete expert discovery to May 16, 2021.

### Defendants Muhammad Ali Enterprises LLC and Authentic Brands Group LLC

Defendants MAE and ABG do not object to Plaintiff's request for a 90-day extension of the discovery period. Defendants have supplemented their document production and believe that all alleged deficiencies have been remedied.[1] Nevertheless, Defendants agree that an extension of the discovery period will enable the parties to complete any outstanding discovery.[2]

Defendants had previously requested a 60-day extension of the fact and expert discovery deadlines on the grounds that the parties were attempting to resolve discovery disputes that arose at Mr. Gaffney's deposition, which took place on

---

[1] Defendants produced a fifth volume of documents earlier today in response to Plaintiff's letter dated December 8, 2020.

[2] Although Plaintiff had not noticed Defendants' deposition prior to the close of discovery, Defendants will not refuse to produce an appropriate person or persons to testify on their behalf at a duly noticed deposition.

1942744.3

Honorable Ona T. Wang
December 18, 2020
Page 3

November 20, 2020.[3] Following an exchange of letters, a telephone conference, and a further exchange of letters, Plaintiff has supplemented his document production. However, certain deficiencies still remain, which Defendants described in a letter to Plaintiff earlier today.

These remaining deficiencies are hampering Defendants' efforts to meet the current expert discovery deadline. Moreoever, Defendants believe that it would benefit both parties to set interim dates for expert discovery. In our letter to Plaintiff's counsel dated December 14, 2020, we proposed interim dates.

For the foregoing reasons, Defendants agree that a 90-day extension of the fact and expert discovery deadlines will enable the parties to complete all necessary discovery and respectfully request that the Court set the following interim expert discovery deadlines:

- Plaintiff's expert disclosures due: March 29, 2021;

- Defendants' expert disclosures due: April 26, 2021;

- Completion of all expert discovery, including depositions, due: May 17, 2021.

Application granted. Fact discovery shall be completed by Mar. 1, 2021; expert discovery shall be completed by May 17, 2021. The following interim expert discovery deadlines apply: Plaintiff's expert disclosures due by Mar. 29, 2021; Defendants' expert disclosures due by Apr. 26, 2021. Parties are directed to robustly meet and confer re: any discovery issues.

The parties are directed to appear for a status conference on Feb. 24, 2021 at 10:00 am. Dial-in (866) 390-1828, access code 1582687. Joint status letter due by Feb. 17, 2021.

SO ORDERED.

_____
Ona T. Wang  Jan. 5, 2021
U.S.M.J.

---

[3] The Court denied Defendants' motion by Order dated December 2, 2020 (Dkt. 90).

1942744.3

Honorable Ona T. Wang
December 18, 2020
Page 4

Respectfully submitted,

/s/ Robert E. Allen
ROBERT E. ALLEN
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Fl.
Los Angeles, CA 90067
Phone: (310) 553-3000
rallen@glaserweil.com

*Attorneys for Plaintiff Michael Gaffney*


/s/ Jessica S. Rutherford
JESSICA S. RUTHERFORD
FERDINAND IP, LLC
450 Seventh Avenue, Suite 1300
New York, NY 10123
Phone: (212) 220-0523

*Attorneys for Defendants MAE and ABG*

1942744.3