**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHAEL GAFFNEY,

Plaintiff,

-against-

MUHAMMAD ALI ENTERPRISES LLC; AUTHENTIC BRANDS GROUP LLC; ROOTS OF, INC., *d/b/a* ROOTS OF FIGHT; and DOES 1-10,

Defendants.

MEMORANDUM DECISION AND ORDER

18 Civ. 08770 (GBD) (OTW)
20 Civ. 07113 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Michael Gaffney ("Gaffney") moves for clarification and reconsideration, (Mot. for Recons., ECF No. 158),[1] of this Court's September 7, 2022 Memorandum Decision and Order (the "Order," ECF No. 154). For the reasons stated herein, Plaintiff's motion for clarification is GRANTED to the extent that this Court clarifies Photographs I01, I05, and I08 are eligible at trial for an award of statutory damages and attorneys' fees if Plaintiff proves infringement. Plaintiff's motion for reconsideration is DENIED to the extent that Plaintiff remains not entitled to summary judgment on infringement with respect to Defendants' alleged non-social media uses of Photographs I05, I07, I08, I10, and I29–I32.

## I. BACKGROUND

The factual and procedural background of this case has been discussed at length in the Order. Except for the minor distinctions made on this motion, this Court appropriately relies upon such background.

[1] *Gaffney v. Muhammad Ali Enterprises LLC, et al.*, No. 18-cv-08770 (hereinafter the "First Action"); *Gaffney v. Authentic Brands Group LLC, et al.*, No. 20-cv-07113 (hereinafter "Second Action"). All citations refer to the First Action, unless stated otherwise.

Plaintiff Michael Gaffney brings these two actions against Defendants Muhammad Ali Enterprises LLC ("MAE"), Authentic Brands Group LLC ("Authentic"), Roots Of, Inc. ("Roots"), and Does 1-10 (collectively "Defendants"), alleging violations of the Copyright Act of 1976 pursuant to 17 U.S.C. § 501, and the Digital Millennium Copyright Act ("DMCA") pursuant to 17 U.S.C. § 1202. (*See* Second Amended Complaint ("SAC"), ECF No. 58.) Gaffney claimed Defendants copied his photographs (referred to as Photographs I01–I32) he took of the boxer Muhammad Ali without Gaffney's authorization in violation of his rights under 17 U.S.C. § 106 and 17 U.S.C. § 1202. (*See id.*) Gaffney demanded statutory damages, actual damages, and attorneys' fees. (*See id.*) The parties cross moved for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (*See* Defs.' Mot. for Partial Summ. J., ECF No. 111; Pl.'s Mot. for Partial Summ. J., ECF No. 124.)

In its Order, this Court denied Defendants' partial summary judgment to the extent Defendants sought dismissal of Claim I for direct copyright infringement in the First Action on the grounds that Gaffney lacks a valid Copyright Registration and that Gaffney cannot obtain actual damages. (Order at 15.) This Court granted Defendants' motion to the extent Defendants sought partial denial of statutory damages and dismissal of Claim I as to nine of the Photographs in the First Action and one Photograph in the Second Action; Claims II and III in both Actions as to any vicarious or contributory infringement; Claim IV in both Actions for direct DMCA violations; and Claim V in the Second Action for vicarious DMCA violations. (*Id.*) This Court also denied Plaintiff's motion for partial summary judgment to the extent it sought judgment as to Claim I in both Actions, but granted the motion to the extent it sought partial statutory damages. (*Id.* at 15–16.)

On September 21, 2022, Plaintiff filed the instant motion seeking clarification as to whether three Photographs are eligible for an award of statutory damages and attorneys' fees. (Mot. for Recons. at 2.) Plaintiff also seeks reconsideration of this Court's decision not to grant summary judgment in Plaintiff's favor for Defendants' "non-social media uses of eight Photographs." (*Id.*)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a[n] . . . order" on a party's motion or on its own. Further, Rule 60(a) enables a court to clarify or explain an order "to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" *Greer v. Mehiel*, 2017 WL 128520, at *2 (S.D.N.Y. Jan. 12, 2017) (quoting *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013)).

Under Federal Rule of Civil Procedure 59(e), reconsideration is not favored and is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such narrow grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.

1992) (citations omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## III. PLAINTIFF'S MOTION FOR CLARIFICATION IS GRANTED TO THE EXTENT PHOTOGRAPHS I01, I05, AND I08 ARE ELIGIBLE FOR STATUTORY DAMAGES AND ATTORNEYS' FEES, IF INFRINGEMENT IS PROVEN

Upon review of the parties' briefings, a contradiction exists between footnotes 9 and 10 of the Order concerning three Photographs, *i.e.*, Photographs I01 (Ali-002), I05 (Ali-010), and I08 (Ali-016). Footnote 9 states that "Plaintiff is precluded from seeking statutory damages and attorneys' fees as to" Photographs I01–I02, I04–I06, I08, I10–I22, and I24–I26 because "there were no infringing uses of [these Photographs] before June 12, 2018, the effective date of the relevant [TX 8-550-740] Registration." (Order at 2 n.9.) Then, footnote 10 states, "Plaintiff alleges that the infringing uses of Photographs I01, I03, I05, I07–I09, I29–I32 took place after the effective date of the relevant Copyright Registration," and "if Defendants are found to have improperly copied these photographs, then statutory damages are available." (*Id.* at 3 n.10.) Photographs I01, I05, and I08 are included in the lists of both footnotes and also covered by the VAu 964-300 Registration, which was granted on February 22, 2008. (*See* '300 Registration, ECF No. 59, at 13.)

This Court hereby clarifies that Photographs I01, I05, and I08 are eligible for an award of statutory damages and attorneys' fees if Gaffney proves infringement. Gaffney has alleged that Defendants infringed his rights to Photographs I01, I05, and I08 after the effective date of the '300

Registration, *i.e.*, after February 22, 2008. (*See, e.g.*, Decl. Robert E, Allen, ECF No. 127-1, at Ex. 2; Pl.'s Rule 56.1 Statement, ECF No. 128, ¶¶ 42, 53–56, 60; Pl.'s Rule 56.1 Counterstatement, ECF No. 140, ¶ 90.) Defendants concede that "these three Photographs may be eligible for statutory damages" if Plaintiff proves infringement, but Defendants dispute the validity of the '300 Registration. (*See* Opp. to Mot. for Recons., ECF No. 159, at 2–4.) This Court's Order already held the '300 Registration to be valid. (Order at 10.) Photographs I01, I05, and I08 are therefore eligible for statutory damages if Plaintiff proves infringement.

## IV. PLAINTIFF'S MOTION IS DENIED IN THAT PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON INFRINGEMENT REGARDING DEFENDANTS' NON-SOCIAL MEDIA USES OF CERTAIN PHOTOGRAPHS

Plaintiff also moves for reconsideration of this Court's Order denying summary judgment on infringement with respect to Defendants' alleged non-social media uses of Photographs I05, I07, I08, I10, and I29–I32. (*See* Mot. for Recons. at 4 ("Gaffney seeks clarification or, in the alternative, reconsideration of the Court's Order").) This Court in its Order evaluated the evidence concerning non-social media uses, the scope of the 2011 License Agreement between MAE and Gaffney, and royalty payments. (*See* Order at 13.) The burden was on Plaintiff to prove that Defendants' copying was outside the scope of its license. (*See id.* ("Because [the Photographer] pleaded in his complaint that licenses exist – a fact that [Defendant] admits – [the Photographer] bore the burden of proving that [Defendant]'s copying was unauthorized, a burden he failed to satisfy.") (quoting *Sohm v. Scholastic Inc.*, 959 F.3d 39, 49 (2d Cir. 2020)).) Here, Plaintiff fails to cite "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *see Virgin Atl. Airways,* 956 F.2d at 1255, to justify modifying this Court's previous finding that summary judgment was unavailable due to the

disputed evidence over the non-social media uses of the Photographs and the scope of the licensing Agreement. (*See* Order at 13.)

## V. CONCLUSION

Plaintiff's motion for clarification is GRANTED to the extent that this Court clarifies Photographs I01, I05, and I08 are eligible at trial for an award of statutory damages and attorneys' fees if Plaintiff proves infringement.

Plaintiff's motion for reconsideration is DENIED to the extent that Plaintiff is not entitled to summary judgment on infringement with respect to Defendants' alleged non-social media uses of Photographs I05, I07, I08, I10, and I29–I32. That issue remains a disputed issue to be resolved at trial.

The Clerk of Court is directed to close the open motions, (ECF No. 158, Case No. 18-cv-08770; ECF No. 56, Case No. 20-cv-07113), accordingly.

Dated: December 15, 2022
New York, New York

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE