# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GAFFNEY, <br><br> Plaintiff, <br><br> v. <br><br> MUHAMMAD ALI ENTERPRISES LLC, a New York Limited Liability Company; AUTHENTIC BRANDS GROUP LLC, a New York Limited Liability Company; ROOTS OF, INC., a California corporation d/b/a "ROOTS OF FIGHT;" and DOES 1-10, <br><br> Defendants. | Civil Action No. 1:18-CV-08770 (GBD) <br><br> Civil Action No. 1:20-CV-07113 (GBD) <br><br> **PLAINTIFF MICHAEL GAFFNEY'S MOTION TO CORRECT THE RECORD PURSUANT TO FED. R. CIV. P. 60(b)(1)** |

Plaintiff Michael Gaffney ("Gaffney") respectfully moves, pursuant to Fed. R. Civ. P. 60(b)(1), to correct the record as to which Photographs remain at issue in this litigation. This motion is timely pursuant to Fed R. Civ. P. 60(c)(1).

Federal Rule of Civil Procedure 60(b) allows the Court to "relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A voluntary dismissal … is treated as a final judgment or order under Rule 60(b)." *Crystal Waters Shipping Ltd. v. Sinotrans Ltd. Project Transp. Branch*, 633 F. Supp. 2d 37, 40 n.1 (S.D.N.Y. 2009).

On March 3, 2022, following the hearing on the cross motions for partial summary judgment, Gaffney submitted a chart to the Court listing Photographs I01 to I32 and indicating "whether Gaffney presently contends that Defendants have infringed the particular photograph." ECF No. 151, 1. In that chart, Gaffney indicated that three particular Photographs, I13 (Ali-035), I19 (Ali-064.jpg) and I24 (Ali-084.jpg), were not at issue. This was a mistake. Each of these three Photographs remain at issue in this litigation. Indeed, for two of the Photographs, Gaffney included evidence of Defendants' unauthorized copying in the exhibits to Gaffney's motion for partial summary judgment. ECF No. 130-1, 53-54, 61. For the third, Defendants produced documentary evidence confirming their copying. ABG_000337, '4094, and '4099.

On September 7, 2022, the Court issued its order on the parties' cross motions for partial summary judgment. ECF No. 154. In that order, the Court relied upon the March 3 letter in finding that "Gaffney voluntarily agree[d] to dismiss any claims pertaining to [certain] photographs," including the three Photographs mistakenly identified. ECF No. 154, 2 n.5. Thus, these three Photographs should not have been dismissed.

1

Additionally, even though Defendants' motion for partial summary judgment only addressed Photographs I01 to I32, Defendants appear now to be taking the position that other Photographs are not at issue in this litigation. Such position is false. Indeed, on December 12, 2022, prior to the Court's pre-trial conference, Gaffney forwarded to Defendants a chart of the thirty-four (34) Photographs (inclusive of the three Photographs discussed above) that Gaffney is presently aware of in this litigation (a copy of that chart is attached as Exhibit A). Notably, Defendants did not raise any concern about the Photographs on the chart at the hearing or otherwise.

Defendants previously attempted to block the addition of Photographs to this case. The Court rejected Defendants' position and permitted the photographs to be included, finding that: "the complaint directly accounts for the infringement of additional Photographs discovered during the course of litigation" and that "[a]dding additional photographs produced during discovery … is similar to merely ***adding facts to support the already pleaded claims in the complaint***." ECF No. 154, 1 n.2.

Just as before, Defendants are in no way prejudiced by bringing these three Photographs back into the case. *See Vasquez v. Carey*, No. 03 CIV. 3905(RJH), 2010 WL 1140850, at *9 (S.D.N.Y. Mar. 24, 2010) ("[Dismissed defendant's] counsel has not articulated any undue hardship that [dismissed defendant] will suffer if the voluntary dismissal of plaintiff's claims against him is vacated, beyond the inconvenience of having to resume defense of this action."); *Mazzone v. Stamler*, 157 F.R.D. 212, 214-15 (S.D.N.Y. 1994) ("[T]here is no evidence that our granting of plaintiffs' motion will cause any significant prejudice to defendants. … no defendant has changed his position … the information to defend the [] claim is apparently just as available now as it was [when the mistake was made]"). Here, inclusion of these three Photographs does

not alter the issues that were briefed and decided during summary judgment.  Indeed, if relief is granted, the same claims and defenses would apply going forward; just a slightly larger set of Photographs would be at issue.

    Accordingly, Gaffney moves to correct the record that: (1) Photographs I13 (Ali-035), I19 (Ali-064.jpg) and I24 (Ali-084) remain at issue in this litigation; and (2) any of the Photographs not subject to Defendants' partial motion for summary judgment remain at issue in this litigation.

Date:  January 26, 2023

Respectfully submitted,

   */s/ Robert E. Allen*
Robert E. Allen (admitted *pro hac vice*)
Lawrence M. Hadley (admitted *pro hac vice*)
Jason C. Linger (admitted *pro hac vice*)
GLASER WEIL FINK HOWARD AVCHEN &
 SHAPIRO LLP
10250 Constellation Blvd., 19th Fl.
Los Angeles, CA 90067
Telephone: (310) 282-6280
rallen@glaserweil.com
lhadley@glaserweil.com
jlinger@glaserweil.com

Jack Spinella
Spinella Law Group, LLC
425 Madison Avenue
New York, New York 10123
Telephone:  (908) 947-2336
jspinella@spinellalawgroup.com

*Attorneys for Plaintiff Michael Gaffney*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 26, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties through the Court's Electronic Case Filing System.

                                                         */s/ Robert E. Allen*
                                                         Robert E. Allen