# FERDINAND IP
## LAW GROUP
IP | LICENSING | CORPORATE | LITIGATION | VALUATION

JESSICA S. RUTHERFORD
jrutherford@fiplawgroup.com
Admitted in NY and CT

DEC 2 1 2023

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

December 19, 2023

**VIA ECF**
Honorable George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 11A
New York, New York 10007

    Re:    *Gaffney v. Muhammad Ali Enterprises, LLC et al.*
            Civil Action Nos. 1:18-cv-08770-GBD-OTW; 1:20-cv-07113

**DEFENDANTS' UNOPPOSED LETTER MOTION FOR REDACTIONS AND
SEALING OF DOCUMENTS FILED IN SUPPORT OF DEFENDANTS'
MOTION IN *LIMINE* NO. 4.**

Dear Judge Daniels,

    Defendants Muhammad Ali Enterprises LLC ("MAE") and Authentic Brands Group LLC ("ABG") (collectively the "Muhammad Ali Entities") respectfully submit this letter motion for approval to file redacted and/or sealed versions of documents filed in support of Defendants' Motion in *Limine* No. 4 to preclude Plaintiff from introducing any evidence or argument about alleged damages based on revenue or profit generated by the Muhammad Ali Entities. Per Individual Rule I.D(1), on December 19, 2023, parties for counsel met and conferred on the requested redactions.

    Accompanying the filing of this Letter Motion, the Muhammad Ali Entities are also filing proposed redacted versions of the documents and unredacted versions of these documents, with the proposed redactions highlighted in yellow.

FERDINANDIP.COM

**NEW YORK OFFICE**
450 7th Avenue
Suite 1300
New York, NY 10123
P +1 (212) 220 0523
F +1 (203) 905 6747

**WESTPORT OFFICE**
1221 Post Road East
Suite 302
Westport, CT 06880
P +1 (203) 557 4224
F +1 (203) 905 6747

**SAN DIEGO OFFICE**
2255 Avenida de la Playa
Suite 8
La Jolla, CA 92037
P +1 (858) 412 4515
F +1 (203) 905 6747

**SILICON VALLEY OFFICE**
800 W. El Camino Real
Mountain View, CA 94040
P +1 (650) 903 2201
F +1 (203) 905 6747

### I. MATERIAL FOR WHICH REDACTION AND SEALING IS SOUGHT

Defendants seek redaction and/or sealing of the following documents to be filed in support of Defendants' Motion in *Limine* No. 4 on the ground that they contain commercially sensitive information:

1. Memorandum of Law in Support of Defendants' Motion in *Limine* No. 4. (Request to file redacted version, with unredacted version filed under seal).

2. Exhibit B to the Declaration of Jessica S. Rutherford in Support of Defendants' Motion in *Limine* No. 4 (a document bearing Bates No. ABG_001652, showing MAE royalty payments to M. Gaffney). (Request to file redacted version, with unredacted version filed under seal).

3. Exhibit C to the Declaration of Jessica S. Rutherford in Support of Defendants' Motion in *Limine* No. 4 (Exhibit 22 to the certified transcript of the deposition of Michael Gaffney, dated November 20, 2020, showing MAE royalty payments to M. Gaffney). (Request to file redacted version of Exhibit 22, with unredacted version filed under seal).

4. Exhibit D to the Declaration of Jessica S. Rutherford in Support of Defendants' Motion in *Limine* No. 4 (a document bearing Bates No. ABG_003700, showing MAE royalty revenue). (Request to file redacted version, with unredacted version filed under seal).

5. Exhibit E to the Declaration of Jessica S. Rutherford in Support of Defendants' Motion in *Limine* No. 4 (relevant portions of the certified transcript of the deposition of JoJo Dizon, dated February 22, 2022 and Exhibits 13 (MAE Royalty Revenue) and 15 (MAE Income Statement) thereto). (Request to file redacted version, with unredacted version filed under seal).

6. Exhibit F to the Declaration of Jessica S. Rutherford in Support of Defendants' Motion in *Limine* No. 4 (documents bearing Bates Nos. ABG_032798-ABG032799 (MAE Income Statement)). (Request to file redacted version, with unredacted version filed under seal).

7. Exhibit H to the Declaration of Jessica S. Rutherford in Support of Defendants' Motion in *Limine* No. 4 (Expert Report of Brain Buss, dated June 30, 2021) (Request to file entire document under seal).

This motion seeks redaction of commercially sensitive information contained in these documents relating to 1) amounts paid by MAE to Gaffney under the February 1, 2011 License Agreement between MAE and Gaffney; 2) royalty rates paid by MAE's licensees; 3) royalty rates paid by MAE to Gaffney; 4) MAE's royalty revenues; 5) the identities of MAE's licensees; and 6) MAE's income statements.

2

## II. ARGUMENT

District courts have discretion to seal records under their "inherent 'equitable powers ... over their own process, to prevent abuses, oppression, and injustices.'" *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 407-408 (2d Cir. 1963), *quoting Gumbel v. Pitkin*, 125 U.S. 131, 144 (1888). Although there is a presumption of public access to judicial documents, *see Bernstein v. Bernstein Litowitz Berger & Grossman* LLP, 814 F.3d 132, 139 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 111, 119 (2d Cir. 2010), confidential, competitively sensitive corporate information including intellectual property licensing terms and financial information has frequently been recognized to be the proper subject of redaction when used in litigation. *See Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to redact and seal documents containing terms of confidential trademark licensing agreements); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n. 1 (S.D.N.Y. 2017) (concluding that "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction"). This is particularly true where the redactions sought are narrowly tailored to protect a party's competitive interests. *See McCracken v. Versima Sys., Inc.*, 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) ("[T]he Court finds it appropriate to seal the ... content identified ... as sensitive proprietary or financial information. .... The Court notes that [defendant] has redacted only its confidential financial information ... thereby narrowly tailoring the amount of information that will be protected from public access.")

The parties contemplated the necessity of maintaining certain commercially sensitive business information as confidential in this matter. The Court entered a Protective Order on July 19, 2018, agreed to by the parties, that permits a party to designate as "Confidential" those materials for which in good faith it deems "a reasonable basis exists for limiting the dissemination of the material under the standards of Rule 26 of the Federal Rules of Civil Procedure." Protective Order ¶ 3, Dkt. No. 19. The Protective Order further provides that all portions of papers filed with the court that disclose information designated as "Confidential" shall be filed under seal. *Id.*, ¶ 6.

Public disclosure of the royalty rates paid by MAE to its licensees, detailed amounts of specific payments made to Gaffney, MAE's income statements and royalty revenues, and the identities of MAE's licensees would cause the Muhammad Ali Entities commercial harm that outweighs the presumption of public access. If the Muhammad Ali Enterprises are unable to protect this information, it will be detrimental to existing business relationships that may be structured under different terms, and it will be harmful to their ability to negotiate with future licensors. Additionally, disclosing the identities of MAE's licensees could arm competitors with non-public information that can be exploited to the detriment of the Muhammad Ali Entities.

3

## IV. CONCLUSION

For the foregoing reasons, the Muhammad Ali Entities respectfully request that the Court grant their motion for approval to file redacted and sealed versions of the above-listed documents.

Respectfully submitted,

**FERDINAND IP, LLC**

*/s/Jessica S. Rutherford*
Jessica S. Rutherford

cc: All counsel of record (via ECF)

CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023 a true and correct copy of the foregoing LETTER MOTION FOR REDACTIONS AND SEALING OF DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' MOTIONS IN *LIMINE* NO. 4 BY DEFENDANTS MUHAMMAD ALI ENTERPRISES LLC and AUTHENTIC BRANDS GROUP LLC was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jessica S. Rutherford
Jessica S. Rutherford