UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GAFFNEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUHAMMAD ALI ENTERPRISES LLC, a New York Limited Liability Company; AUTHENTIC BRANDS GROUP LLC, a New York Limited Liability Company; ROOTS OF, INC., a California corporation d/b/a "ROOTS OF FIGHT;" and DOES 1-10,<br><br>　　　　　　　　　　　　Defendants. | Civil Action No. 1:18-CV-08770-GBD-OTW<br><br>Civil Action No. 1:20-CV-07113-GBD-OTW |

**MEMORANDUM OF LAW IN OPPOSITION AND RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 REGARDING DAMAGES INCURRED MORE THAN THREE YEARS BEFORE PLAINTIFF FILED THE RELEVANT CLAIMS**

2370617.1

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................. 1

II.    FACTUAL BACKGROUND ............................................................................................... 1

III.   PLAINTIFF'S DAMAGES EVIDENCE SHOULD NOT BE LIMITED TO THE THREE YEARS PRIOR TO SUIT. ..................................................................................... 2

IV.   CONCLUSION .................................................................................................................... 6

**TABLE OF AUTHORITIES**

Page

**Federal Cases**

*AMO Development, LLC v. Alcon Vision, LLC*,
    2022 WL 17475479 (D. Del. Dec. 6, 2022) ........................................................................... 5

*D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.*,
    516 F. Supp. 3d 121 (D.N.H. Jan. 28, 2021) ....................................................................... 4

*Design Basics, LLC v. McNaughton Co.*,
    2017 WL 11068761 (M.D. Pa. Nov. 15, 2017) .................................................................... 5

*Mitchell v. Capitol Records, LLC*,
    287 F. Supp. 3d 673 (W.D. Ky. 2017) ................................................................................. 5

*Nealy v. Warner Chappell Music, Inc.*,
    60 F.4th 1325 (11th Cir. 2023) ....................................................................................... 4, 6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014) ............................................................................................... 2, 3, 4, 5

*SCA Hygiene Prods. Aktibolag v. First Quality Baby Prods., LLC*,
    137 S. Ct. 954 (2017) ........................................................................................................... 4

*Sohm v. Scholastic, Inc.*,
    959 F.3d 39 (2d Cir. 2020) .................................................................................... 1, 2, 3, 4, 5

*Starz Entertainment, LLC v. MGM Domestic Television Distribution, LLC*,
    39 F.4th 1236 (9th Cir. 2022) ............................................................................................. 4

**Federal Statutes**

17 U.S.C. § 106 ............................................................................................................................ 3

17 U.S.C. § 107 ............................................................................................................................ 3

17 U.S.C. § 504 ............................................................................................................................ 3

17 U.S.C. § 504(a) ....................................................................................................................... 3

17 U.S.C. § 507 ............................................................................................................................ 3

17 U.S.C. § 507(b) ............................................................................................................... 2, 3, 5

I.  **INTRODUCTION**

Plaintiff Michael Gaffney ("Plaintiff") hereby responds to and opposes Motion *In Limine* No. 1 (ECF 98, the "Motion") filed by defendants Muhammed Ali Enterprises LLC ("MAE") and Authentic Brands Group ("ABG," and collectively, "Defendants") to exclude evidence or argument about alleged damages incurred more than three years before Plaintiff filed the relevant claims in the consolidated action.

Defendants' argument contravenes the plain text of the Copyright Act, as well as a majority of courts' rulings on the issue. A proper interpretation of the Copyright Act does not read into the statute of limitations a separate time bar on damages. *Sohm v. Scholastic, Inc.*, 959 F.3d 39, 52 (2d Cir. 2020), the Second Circuit decision cited by Defendants, is likely to be overturned by the currently-pending Supreme Court case, *Warner Chappell Music, Inc. v. Nealy*, Docket No. 22-1078, which is scheduled for argument on February 21, 2024. Accordingly, Plaintiff should be permitted to introduce evidence and arguments relating to all damages suffered as a result of Defendants' willful infringement.

If Defendants' motion is granted, and *Sohm* is overturned, then an entire new trial on damages would likely need to be held. Defendants' motion should be denied.

II.  **FACTUAL BACKGROUND**

Plaintiff is the sole copyright author and owner of thousands of photographs taken of Muhammed Ali. (ECF 133, ¶ 12.) On February 1, 2011, Plaintiff and MAE, the company that marketed and licensed Ali's image and likeness, entered into a license agreement granting MAE an exclusive license to use or license to selected third parties Plaintiff's copyrighted Ali photographs. (*Id.*, ¶ 13.) In 2014, ABG, a brand development and licensing company, acquired MAE, making ABG the successor-in-interest to the licensing agreement. (*Id.*, ¶¶ 26-27.)

1

In January 2015, as the expiration date of the agreement approached, Plaintiff and ABG attempted to negotiate a new agreement but were ultimately unsuccessful. (*Id.*, ¶¶ 34-35.) Thus, the parties' agreement expired on January 31, 2015 and Plaintiff sent notice of such expiration to ABG, forbidding any further use of the copyrighted photographs. (*Id.*, ¶¶ 14, 35.) Despite having express knowledge that ABG no longer had any right to use Plaintiff's photographs, ABG continued to copy and exploit the photographs until at least 2019. (*Id.*, ¶ 36. As such, Plaintiff initiated the first action on September 25, 2018. (ECF 140, ¶ 1.) There is no dispute that Plaintiff filed his lawsuits in a timely manner.

### III. PLAINTIFF'S DAMAGES EVIDENCE SHOULD NOT BE LIMITED TO THE THREE YEARS PRIOR TO SUIT.

Defendants argue that Plaintiff should be excluded from introducing evidence or argument regarding damages incurred three years prior to filing the first and second actions, respectively. In so doing, Defendants ask this Court to overlook the plain text of Section 507(b) of the Copyright Act and ignore the majority of decisions on this issue to exclude any evidence regarding damages beyond three years prior to Plaintiff's timely claims.

This misguided position is based on *Sohm v. Scholastic, Inc.*, 959 F.3d 39, 52 (2d Cir. 2020), which purportedly interprets the Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) and 17 U.S.C. § 507(b). Every other circuit disagrees with the three-year bar on damages, and *Sohm* is likely to be overturned by a pending Supreme Court case, *Warner Chappell Music, Inc. v. Nealy*, Docket No. 22-1078. The issue on which the Supreme Court has granted *certiorari* is as follows:

> Whether, under the discovery accrual rule applied by the circuit courts and the Copyright Act's statute of limitations for civil actions, 17 U.S.C. § 507(b), a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit.

2

*Warner Chappell Music v. Sherman Nealy*, No. 22-1078, 2023 WL 6319656, at *1 (U.S. Sept. 29, 2023). This is precisely the same issue raised by Defendants' motion. Accordingly, it would be nonsensical to prohibit Plaintiff from placing on the record evidence and argument regarding the full extent of his damages before allowing the Supreme Court to weigh in. All signs point in the direction that *Sohm* will no longer be good law in a few months time.

Under a plain reading of the statute, if a copyright claim is timely brought, all damages for acts of infringement should be available. Section 504(a) renders an infringer liable for either actual damages and disgorgement of profits, or statutory damages. Separately, section 507(b) of the Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." Unlike other sections of the Copyright Act, Sections 504 and 507 contain no cross-references to one another and should not be contrarily construed.

Section 504(a) reads broadly, including only the limitation of "[e]xcept as otherwise provided by this title." However, Section 507 does not "otherwise provide" or make any reference to Section 504. Distinguishably, Section 107 is a textual limitation on Section 106 by expressly providing, in relevant part, "[n]otwithstanding the provisions of sections 106." Because no similar cross-reference exists between Sections 504 and 507, there is no reason to assume such a relationship.

Defendants' interpretation of Section 507(b) discords with the discovery rule approach followed by all courts of appeals, which "starts the limitations period when the plaintiff discovers or with due diligence should have discovered" the infringement. *Petrella*, 572 U.S. at 670 n.4. Adopting Defendants' and *Sohm*'s interpretation of § 507(b) effectively nullifies the well-accepted discovery rule. In essence, a plaintiff would be illogically permitted to sue based

3

on infringement that occurred outside the three-year period (as long as the plaintiff first discovered the conduct within that three-year period) while only allowing recovery of damages incurred within the three-year period.

Importantly, the Supreme Court in *Petrella* did not pass judgment on the discovery rule. *Id.* at 670 n.4; *SCA Hygiene Prods. Aktibolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 962 (2017). *Petrella* was a case about laches, involving a plaintiff who knew of the alleged infringement for nearly ten years and then brought a copyright infringement suit only seeking damages during the three-year period prior to filing suit. 572 U.S. at 667. Indeed, *Petrella* referenced the "three-year look-back rule" in the context of an untimely claim. *Id.* at 677. The issue of recoverability of damages outside of the three-year period from a timely brought claim was not at issue nor did *Petrella* articulate any limit on damages for timely claims. Thus, the discovery rule still applies and under that rule, Plaintiff should be allowed to recover damages beyond a three-year period.

Defendants' proposed interpretation is inapposite to a majority of courts' rulings and every other circuit decision on this issue. With few exceptions, courts have repeatedly rejected the argument that *Petrella* eliminated the discovery rule or created a two-prong statute of limitations. *See Starz Entertainment, LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236, 1244 (9th Cir. 2022) (interpreting the discovery rule to permit recovery of damages for "all infringing acts that occurred before [the plaintiff] knew or reasonably should have known of the infringing incidents."); *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023) (determining that the Copyright Act did not support a bar on retrospective damages relief for an otherwise timely copyright claim); *D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.*, 516 F. Supp. 3d 121 (D.N.H. Jan. 28, 2021) (rejecting *Sohm*'s interpretation of *Petrella* in

4

holding that "[w]hen…the discovery rule applies, recovery may be had for an infringement that occurs more than three years prior to the commencement of the action."); *Mitchell v. Capitol Records, LLC*, 287 F. Supp. 3d 673, 678 (W.D. Ky. 2017) (noting that "[w]hile *Petrella* uses language that suggests that no damages may be recovered for acts of infringement which occurred more than three years prior to the initiation of the suit, these statements cannot be isolated from the Court's initial statement fixing accrual at the date of occurrence."); *AMO Development, LLC v. Alcon Vision, LLC*, 2022 WL 17475479 (D. Del. Dec. 6, 2022) (rejecting *Sohm* and instead upholding the discovery rule and refusing to "impose a bar on damages separate from the statute of limitations."); *Design Basics, LLC v. McNaughton Co.*, 2017 WL 11068761, at *4-5 (M.D. Pa. Nov. 15, 2017) ("reject[ing] the notion that § 507(b) serves dual purpose as a time limit for civil actions and a contrarily interpreted limitation on damages").

In contrast to these decisions, *Sohm* misinterprets *Petrella* to have "explicitly delimited damages to the three years prior to the commencement of a copyright infringement action" regardless of the action's timeliness. *Sohm*, 959 F.3d at 51. In this way, *Sohm* conflates the Supreme Court's explanation of the Copyright Act's statute of limitations with a separate damages bar. But *Sohm* is self-contradictory because it reaffirms the discovery rule then, in an about-face, recognizes a three-year damages bar that effectively rejects the discovery rule and adopts the injury rule of accrual. Thus, it seems highly unlikely that such a paradoxical position will be upheld by the Supreme Court.

Due to the acknowledged disagreement amongst the circuits, the Supreme Court will imminently rule on "[w]hether, under the discovery accrual rule applied by the circuit courts and the Copyright Act's statute of limitations for civil actions, 17 U.S.C. § 507(b), a copyright plaintiff can recover damages for acts that alleged occurred more than three years before filing of

5

a lawsuit." In the decision under review, *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023), the Eleventh Circuit determined that the Copyright Act did not create a three-year bar on retrospective damages as its plain text does not limit remedies on an otherwise timely claim. As in *Nealy* and the vast majority of other decisions, Defendants, here, should properly be held liable for their profits and Plaintiff's actual damages attributable to infringement which arose more than three years before Plaintiff filed the respective actions.

If *Sohm* is overturned, a new trial on damages would likely become necessary. To avoid that inefficient outcome and conserve Court and party resources, Plaintiff should be entitled to seek damages outside the three-year window.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* No. 1 should be denied.

| | |
|---|---|
| Date: January 12, 2024 | Respectfully submitted,<br><br>*/s/ Robert E. Allen*<br>Robert E. Allen (admitted *pro hac vice*)<br>Lawrence M. Hadley (admitted *pro hac vice*)<br>Jason C. Linger (admitted *pro hac vice*)<br>GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP<br>10250 Constellation Blvd., 19th Fl.<br>Los Angeles, CA 90067<br>Telephone: (310) 282-6280<br>rallen@glaserweil.com<br>lhadley@glaserweil.com<br>jlinger@glaserweil.com<br><br>Jack Spinella<br>Spinella Law Group, LLC<br>425 Madison Avenue<br>New York, New York 10123<br>Telephone: (908) 947-2336<br>jspinella@spinellalawgroup.com<br><br>*Attorneys for Plaintiff Michael Gaffney* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, a true and correct copy of the foregoing **PLAINTIFF MICHAEL GAFFNEY'S OPPOSITION AND RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 REGARDING DAMAGES INCURRED MORE THAN THREE YEARS BEFORE PLAINTIFF FILED THE RELEVANT CLAIMS** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> */s/ Robert E. Allen*
> Robert E. Allen

2370617.1