# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GAFFNEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MUHAMMAD ALI ENTERPRISES LLC, a New York Limited Liability Company; AUTHENTIC BRANDS GROUP LLC, a New York Limited Liability Company; ROOTS OF, INC., a California corporation d/b/a "ROOTS OF FIGHT;" and DOES 1-10,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 1:18-CV-08770-GBD-OTW<br><br>Civil Action No. 1:20-CV-07113-GBD-OTW |

**MEMORANDUM OF LAW IN OPPOSITION AND RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 5 REGARDING THE OPINION TESTIMONY OF PROFESSOR JEFFREY SEDLIK**

i

2371169.1

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | INTRODUCTION ........................................................................................................... | 1 |
| II. | FACTUAL BACKGROUND ......................................................................................... | 1 |
| III. | PROFESSOR SEDLIK'S OPINIONS SHOULD NOT BE EXCLUDED ........................ | 1 |
| | A.   Defendants' Motion is Nonspecific in Scope. ........................................................ | 1 |
| | B.   Professor Sedlik Gives Proper Opinions................................................................ | 2 |
| | C.   Professor Sedlik Properly Uses Facts in His Testimony. ....................................... | 4 |
| IV. | CONCLUSION................................................................................................................ | 6 |

## **TABLE OF AUTHORITIES**

Page

**Federal Cases**

*Highland Capital Mgmt., L.P. v. Schneider*,
    379 F. Supp. 2d 461 (S.D.N.Y. 2005) ............................................................................. 3

*Kumho Tire Co., Ltd. v. Carmichael*,
    526 U.S. 137 (1999) ........................................................................................................ 4

*National Union Fire Ins. Co. v. L.E. Myers Co. Group*,
    937 F. Supp. 276 (S.D.N.Y. 1996) .................................................................................. 2

*Navarro v. Procter & Gamble Co.*,
    2021 WL 868586 (S.D. Ohio Mar. 8, 2021) ................................................................... 5

*Pension Comm. of Univ. of Montreal Pension Plan*,
    691 F. Supp. 2d 448 (S.D.N.Y. 2010) ......................................................................... 3, 4

*Scott v. Chipotle Mexican Grill, Inc.*,
    315 F.R.D. 33 (S.D.N.Y. 2016) ...................................................................................... 3

*SR Intern. Bus. Ins. Co., Ltd. v. World Trade Center Properties, LLC*,
    467 F.3d 107 (2d Cir. 2006) ............................................................................................ 3

*United States v. Bilzerian*,
    926 F.2d 1285 (2d Cir. 1991) .......................................................................................... 4

**Federal Rules**

Fed. R. Evid., Rule 702 ............................................................................................................... 4

Fed. R. Evid., Rule 703 ............................................................................................................... 4

I.  **INTRODUCTION**

Plaintiff Michael Gaffney ("Plaintiff") hereby responds to and opposes Motion *In Limine* No. 5 (ECF 113) (the "Motion") filed by defendants Muhammed Ali Enterprises LLC ("MAE") and Authentic Brands Group ("ABG," and collectively, "Defendants") to exclude the opinion testimony of Professor Jeffrey Sedlik. Defendants' Motion seeks to exclude the majority of Professor Sedlik's expert report, thereby attempting to effectively gut the substance of his testimony. Each section of the expert report cited in Defendants' Motion provides either context for Professor Sedlik's empirical analysis or otherwise constitutes proper expert testimony. Defendants' motion should be denied because it fails to detail which specific evidence it seeks to exclude and mischaracterizes the majority of Professor Sedlik's expert report.

II.  **FACTUAL BACKGROUND**

Plaintiff produced the Preliminary Expert Report of Professor Jeffrey Sedlik ("Sedlik Report" (Linger Decl., Ex. 1)). In this report, Professor Sedlik provides expert opinions on practices, standards, and procedures in the photography and advertising industries, as well as copyright registration, licensing, damages, and other related issues. (*Id*.) Professor Sedlik's opinions are based on his decades of experience in trade associations and standard-setting bodies in the photography, advertising, product marketing, technology, and design industries, and as an internationally-recognized advertising photographer. (*Id.* at 3).

III.  **PROFESSOR SEDLIK'S OPINIONS SHOULD NOT BE EXCLUDED.**

A.  Defendants' Motion is Nonspecific in Scope.

Defendants seek to exclude broad swaths of Professor Sedlik's expert report – a majority of the report – without providing a proper basis for such exclusion. A motion *in limine* must specifically identify the evidence at issue with sufficient context and detail to permit the Court to evaluate its admissibility. *National Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp.

1

276, 287 (S.D.N.Y. 1996) (where a "motion *in limine* lacks the necessary specificity with respect to the evidence to be excluded," and the "motion is too sweeping in scope to be decided *in limine*…the Court [should] reserve judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context.") Defendants' motion merely points to entire sections of Professor Sedlik's expert report and makes ambiguous reference to the testimony it seeks to exclude. (Motion, 2-6.) Defendants' motion, therefore, fails to carry this burden, and should be denied for this reason.

### B.     Professor Sedlik Gives Proper Opinions.

Defendants erroneously contend that Professor Sedlik gives impermissible legal conclusions. However, Professor Sedlik is not providing a legal interpretation of these issues. Rather, he bases his opinions "on [his] experience as a professional photographer and … on [his] more than thirty years of participation in and leadership of standards setting activities for agreements employed in the licensing of photographs," (Ex. 1 (Sedlik Report) at 16), as well as his overall "knowledge and experience" (*Id.* at 23). That "knowledge and experience" is extensive and includes:

> more than 25 years of service in high-level positions in trade associations and standard-setting bodies in the photography, product marketing, technology, and design industries. [He has] been an internationally recognized advertising photographer for more than 30 years, working with many clients, observing and interacting with large numbers of professional photographers, advertising agencies, design firms, corporate clients, stock photography agencies, product manufacturers, and others in the United States and abroad. [He has] served as Project Manager in projects involving the development, operation, and maintenance of websites, web applications, and other applications. [He has] also owned and operated a publishing company, producing and selling photography-related products for more than 20 years.

(Ex. 1 (Sedlik Report) at 1, 2-8).

2

Professor Sedlik's extensive statements regarding his experience sufficiently support the simple propositions he advances. *SR Intern. Bus. Ins. Co., Ltd. v. World Trade Center Properties, LLC*, 467 F.3d 107, 132-33 (2d Cir. 2006) (foundation was sufficiently reliable for expert to testify about particular practices where expert had "30 years of experience in the insurance industry" and was "familiar with practices in the industry"); *Pension Comm. of Univ. of Montreal Pension Plan*, 691 F. Supp. 2d 448, 474 (S.D.N.Y. 2010) (the proffered expert's "experience as a hedge fund administrator provides a sufficient basis for him to testify about the customs and practices of hedge fund administrators"); *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 46 (S.D.N.Y. 2016) (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 471 (S.D.N.Y. 2005) ("Experts may…offer testimony discussing 'ordinary practices and usages' in a particular industry."))

Professor Sedlik's opinions combine the stated assumptions with his knowledge and experience regarding the custom and practice of the photography licensing industry. For instance, in Section 6 ("Defendants' Obligations on Expiration of the 2011 Agreement"), Professor Sedlik explains:

> By ***custom and practice*** in the photography licensing industries, upon expiration of the 2011 Agreement term, Defendants were obligated to take necessary actions to prevent further reproduction, distribution, public display, and creation of derivative works of the copies of the Photographs then in the possession of, or under the control of Defendants, its vendors, partners, customers and affiliates.

(Ex. 1 (Sedlik Report) at 16-17 (emphasis added).) Testimony regarding the "customs and practices" in a particular industry is commonly the subject of expert testimony. *See, e.g.*, *SR Intern. Bus. Ins.*, 467 F.3d at 133. Here, the factual assertions contained in Professor Sedlik's report simply provide the foundation for his opinion as to the custom and practice in the industry

3

in the situation he describes. Professor Sedlik has adequately "explain[ed] how [his] experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC*, 691 F. Supp. 2d 448, 473 (S.D.N.Y. 2010) (quoting Fed. R. Evid. 702 advisory committee's note). Thus, these assertions are not improper legal conclusions.

Further, it is well accepted that "expert testimony may help a jury understand unfamiliar terms and concepts." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). The subjects upon which Professor Sedlik testifies include the custom and practice of the photography copyright and licensing industries, all of which are subjects that a lay juror is likely unfamiliar. As such, Professor Sedlik's testimony should be admitted.

### C. Professor Sedlik Properly Uses Facts in His Testimony.

Defendants also argue that the expert report "contains factual narrative that usurps the jury's role as finder of fact." (Motion, 11.) Rather, Professor Sedlik applies factual assumptions to standards and practices in the industry, knowledge of which he gained through experience. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999) (expert may "draw a conclusion from a set of observations based on extensive and specialized experience"). Fed. R. Evid. 703 provides, in relevant part:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of … If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted…

Indeed, Professor Sedlik rightfully relies on facts provided to him by Plaintiff in explaining his expert opinion.

4

2371169.1

Unlike in *Navarro v. Procter & Gamble Co.*, 2021 WL 868586 (S.D. Ohio Mar. 8, 2021), a case cited by Defendants, in which the court disallowed Professor Sedlik from opining on ultimate legal issues, the testimony at issue here is far from a restatement of Plaintiff's factual narrative. In *Navarro*, the court determined that Professor Sedlik drew from the facts in the record, which is permissible, but failed to "add something in the nature of expertise to those facts." (*Id.* at *11.) Distinguishably, here, Professor Sedlik combines facts and his knowledge gained from experience to provide his expert opinion. For example:

> *Based on my experience as a professional photographer and based on my more than thirty years of participation in and leadership of standard setting activities for agreements employed in the licensing of photographs*, the license granted by Gaffney to Defendants did not permit Defendants to continue to make use of the Photographs after expiration, with the exception of selling off products manufactured prior to January 31, 2015, the date on which the 2011 Agreement expired.
>
> …
>
> *By custom and practice in the photography licensing industries*, upon expiration of the 2011 Agreement term, Defendants were obligated to take necessary actions to prevent further reproduction, distribution, public display, and creation of derivative works of the copies of the Photographs ….
>
> …
>
> In addition to the license fee computations performed by obtaining reference fee quotes reasonably matching the alleged unauthorized uses to the greatest extent possible, *I have relied on my personal knowledge and experience in image licensing and in the development and management of industry standards for image licensing.*
>
> …
>
> *Based on my review of the testimony, documents and materials produced in this matter*, Defendants routinely omitted attribution in connection with Defendants' uses ….
>
> …

2371169.1

> *Based on my knowledge and experience, and with a reasonable degree of professional certainty*, the primary purpose of a credit line requirement in a photography license is to ensure that the photographer and/or copyright owner is identified in or on any reproduction/s or derivative/s of the licensed photograph ….

(*See* Ex. 1 (Sedlik Report) at 16, 17, 18, 22, 23.) Thus, the expert testimony sufficiently "add[s] something in the nature of [Professor Sedlik's] expertise" to the complained-of facts.

Defendants also fail to consider the purpose for and context in which Professor Sedlik's testimony would be offered. At trial, these factual assertions will be supported by admissible evidence and Professor Sedlik may present these facts as the predicate for his opinion testimony. In this case, the parties contest whether Defendants infringed Plaintiff's copyrights in the various photographs of Muhammed Ali. Defendants can certainly offer their own testimony or other evidence as to their infringement. However, Plaintiff is also entitled to offer circumstantial evidence that would support a jury's decision to reject Defendants' assertion that their conduct was lawful. Thus, Professor Sedlik does not offer factual assertions so as to usurp the role of the jury.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* No. 5 should be denied.

Date: January 12, 2024

Respectfully submitted,

*/s/ Robert E. Allen*
Robert E. Allen (admitted *pro hac vice*)
Lawrence M. Hadley (admitted *pro hac vice*)
Jason C. Linger (admitted *pro hac vice*)
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
10250 Constellation Blvd., 19th Fl.
Los Angeles, CA 90067
Telephone: (310) 282-6280

6

2371169.1

rallen@glaserweil.com
lhadley@glaserweil.com
jlinger@glaserweil.com

Jack Spinella
Spinella Law Group, LLC
425 Madison Avenue
New York, New York 10123
Telephone: (908) 947-2336
jspinella@spinellalawgroup.com

*Attorneys for Plaintiff Michael Gaffney*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 12, 2024, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN OPPOSITION AND RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 5 REGARDING THE OPINION TESTIMONY OF PROFESSOR JEFFREY SEDLIK** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                      */s/ Robert E. Allen*
                                      Robert E. Allen

2371169.1