UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GAFFNEY,<br><br>        Plaintiff,<br><br>    v.<br><br>MUHAMMAD ALI ENTERPRISES LLC,<br>a New York Limited Liability Company;<br>AUTHENTIC BRANDS GROUP LLC,<br>a New York Limited Liability Company; and<br>DOES 1-10,<br><br>        Defendants. | Civil Action No. 1:18-CV-08770 (GBD)<br><br>Civil Action No. 1:20-CV-07113 (GBD)<br><br>Hon. George B. Daniels<br><br>**PLAINTIFF MICHAEL GAFFNEY'S**<br>**PRETRIAL MEMORANDUM** |

2376284.1

Pursuant to this Court's Individual Rules and Practices, section IV.B.iv, Plaintiff Michael Gaffney ("Gaffney" or "Plaintiff") hereby submits the following pretrial memorandum. This short memorandum addresses one issue that will play a prominent role during trial—Defendants' alleged royalty payments to Gaffney that occurred *after* the expiration of the license agreement.

There is no dispute that the license agreement between Gaffney and Defendant Muhammad Ali Enterprises LLC ("MAE") expired on January 31, 2015, subject to a limited exception involving "licensed products and/or services that utilize the Photographs which are created" prior to January 31, 2015. (ECF 133, 5.) Notwithstanding the agreement's expiration, Defendants have signaled that one of their key trial themes is that they allegedly continued to pay royalties to Gaffney through 2018, and because of this, there is somehow no infringement by Defendants. (*E.g.*, ECF 225-1, 7.)

Defendants' position is contrary to law. "[T]he mere fact that [the plaintiff] erroneously accepted royalties on behalf of these performances is insufficient to establish that he either granted or reconfirmed a nonexclusive license to defendants to perform the Show or otherwise waived his copyright claim." *Caffey v. Cook*, 409 F. Supp. 2d 484, 501 n.6 (S.D.N.Y. 2006).[1] Other courts have come to the same conclusion. *Kamakazi Music Corp. v. Robbins Music Corp.*, 522 F. Supp. 125, 135 (S.D.N.Y.1981) (adopting arbitrator's finding that acceptance of royalty did not affect confirmation of license and therefore waiver of infringement claim); *Major League Baseball Promotion Corp. v. Colour–Tex, Inc.*, 729 F. Supp. 1035, 1044 (D.N.J. 1990) (acceptance of royalties did not establish authorization of defendants' infringing activities); *CBS Broadcasting v. Primetime 24 Joint Venture*, 48 F. Supp. 2d 1342, 1360 (S.D. Fla. 1998) (the "mere receipt of monthly benefits is far from the type of clear, decisive, and unequivocal conduct that is necessary to find an intent to waiver a legal right.").

---

[1] *Caffey* also discusses the "reasonably standard" as part of Plaintiff's burden to show gross revenues to establish infringer's profits under 17 U.S.C. § 504(b). (ECF 234, 12 (Plaintiff's Opposition to Defendants' MIL 4).)

Here, by allegedly accepting royalties after the Agreement's expiration, Gaffney did **not** authorize Defendants to continue using his Photographs or waive any claim for copyright infringement.

Respectfully submitted,

Dated: February 2, 2024

By: /s/ Robert E. Allen
Robert E. Allen (*pro hac vice*)
Lawrence M. Hadley (*pro hac vice*)
Jason Linger (*pro hac vice*)
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
10250 Constellation Blvd., 19th Fl.
Los Angeles, CA 90067
Telephone: (310) 282-6280
rallen@glaserweil.com
lhadley@glaserweil.com
jlinger@glaserweil.com

Jack Spinella
Spinella Law Group, LLC
425 Madison Avenue
New York, New York 10123
Telephone: (908) 947-2336
jspinella@spinellalawgroup.com

*Attorneys for Plaintiff Michael Gaffney*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 2, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties through the Court's Electronic Case Filing System.

                 */s/ Robert E. Allen*
                 Robert E. Allen

1

2376284.1