UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MICHAEL GAFFNEY,

                Plaintiff,

   -against-                                          ORDER

MUHAMMAD ALI ENTERPRISES LLC;          18 Civ. 8770 (GBD) (OTW)
AUTHENTIC BRANDS GROUP LLC; ROOTS   20 Civ. 7113 (GBD) (OTW)
OF, INC., *d/b/a* ROOTS OF FIGHT; and DOES 1-
10,

                Defendants.
------------------------------------x

GEORGE B. DANIELS, United States District Judge:

For the reasons stated on the record at the February 27, 2024 pre-trial conference,

- Plaintiff's Motion *in Limine* No. 1 to add 13 additional photos to these actions (ECF No. 209[1]) is DENIED. The 23 photographs at issue for trial are those identified as at issue in Plaintiff's March 3, 2022 letter to the Court. (*See* ECF No. 151.)

- Plaintiff's Motion *in Limine* No. 2 to preclude Defendants from introducing evidence or argument that Defendants sought approval for, or Plaintiff approved, the use or license to third parties of Photographs in connection with merchandise or advertising, apart from two specific approvals (ECF No. 252), is DENIED.

- Plaintiff's Motion *in Limine* No. 3 to preclude Defendants' expert from offering testimony regarding Defendants' incremental profits (ECF No. 253) is DENIED.

- Defendants' Motion *in Limine* No. 1 to preclude Plaintiff from offering evidence or argument about alleged damages incurred more than three years before Plaintiff filed the

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 18-cv-8770 docket.

relevant claims (ECF No. 211) is GRANTED, without prejudice to restoring such claims should the Supreme Court's decision in *Warner Chappell Music, Inc. v. Nealy*, No. 22-1078 (U.S.), reverse the Second Circuit's decision in *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020).

- Defendants' Motion *in Limine* No. 2 to preclude Plaintiff's expert from offering testimony regarding a damages "scarcity multiplier" (ECF No. 214) is GRANTED.

- Defendants' Motion *in Limine* No. 3 to preclude Plaintiff's expert from offering testimony regarding a "competitive use multiplier" (ECF No. 217) is GRANTED.

- Defendants' Motion *in Limine* No. 4 to preclude Plaintiff from introducing evidence or argument regarding damages based on Defendants' revenues or profits (ECF No. 220) is DENIED.

- Defendants' Motion *in Limine* No. 5 to exclude testimony from Plaintiff's expert allegedly consisting of conclusions of law and factual narrative (ECF No. 226) is DENIED.

- Defendants' Motion *in Limine* No. 6 to exclude Plaintiff's Trial Exhibits 8, 13, 32, and 36 (ECF No. 246) is DENIED.

- Defendants' Letter Motion to file an additional motion *in limine* regarding evidence relating to fan sites (ECF No. 274) is DENIED as moot.

The Clerk of Court is directed to close the motions at:

- ECF No. 209 in 18-cv-8770;
- ECF No. 211 in 18-cv-8770;
- ECF No. 214 in 18-cv-8770;
- ECF No. 217 in 18-cv-8770;
- ECF No. 220 in 18-cv-8770;

- ECF No. 226 in 18-cv-8770;
- ECF No. 246 in 18-cv-8770;
- ECF No. 274 in 18-cv-8770;
- ECF No. 95 in 20-cv-7113;
- ECF No. 97 in 20-cv-7113;
- ECF No. 100 in 20-cv-7113;
- ECF No. 103 in 20-cv-7113;
- ECF No. 106 in 20-cv-7113;
- ECF No. 112 in 20-cv-7113
- ECF No. 132 in 20-cv-7113; and
- ECF No. 155 in 20-cv-7113.

Dated: New York, New York  
       February 27, 2024

SO ORDERED.

*George B. Daniels*  
GEORGE B. DANIELS  
United States District Judge