# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Robert E. Allen

**Direct Dial**
310.282.6280
**Direct Fax**
310.785.3580
**Email**
rallen@glaserweil.com

August 12, 2024

**VIA ECF**

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Gaffney v. Muhammad Ali Enterprises, LLC et al.
        Civil Action Nos. 1:18-cv-08770-GBD-OTW; 1:20-cv-07113
        New Authority Regarding the Damages Methodology of Plaintiff's Expert

Dear Judge Daniels:

Plaintiff Michael Gaffney ("Plaintiff") respectfully submits this letter regarding recent, persuasive authority on the methodology used by Plaintiff's expert, Professor Jeffrey Sedlik.

As Plaintiff described in a previous letter to the Court dated March 13, 2024 (ECF 280), Professor Sedlik relies on two types of multipliers (*i.e.*, competitive use and scarcity) to determine a hypothetical license fee for Plaintiff's photographs. On July 30, 2024, in another case involving Professor Sedlik, the First Circuit Court of Appeals affirmed the use of these same competitive use and scarcity multipliers. *D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.*, --- F.4th ----, No. 21-1645, 2024 WL 3593121, at *10 (1st Cir. July 30, 2024) ("**Exhibit A**").

The First Circuit determined, based on a thorough review of Professor Sedlik's trial testimony, that the multipliers were "based upon sufficient facts or data that resulted from the application of reliable principles and methods, and that [the defendant's] contentions to the contrary went to the weight of the evidence, rather than its admissibility." Ex. A at 29. The First Circuit found that its holding was "bolstered" by the fact that the Third Circuit Court of Appeals has previously endorsed Professor Sedlik's use of multipliers. *Id.* at 30 (citing *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 393 (3d Cir. 2016)). *Leonard* involved a hypothetical license fee of $1.6 million for the infringement of *two* photographs that had previously been licensed for as low as a few hundred dollars.

Here, Defendants' infringement is extensive, as it involves at least 23 highly-valuable photographs of Muhammad Ali, one of the most famous athlete of the 20th century. Professor Sedlik has explained why Plaintiff's photographs are scarce, why Plaintiff and Defendants are in a competitive relationship, and why photographs such as these demand a higher license fee in the marketplace based on Professor Sedlik's licensing experience and discussions with other licensors.

Hon. George B. Daniels
August 12, 2024
Page 2

*See, e.g.*, March 13, 2024 Letter from R. Allen. Defendants' challenge to these multipliers goes to "the weight of the evidence, rather than its admissibility," just as the First Circuit found.

The Court granted Defendants' Motions *In Limine* Nos. 2 and 3, precluding Professor Sedlik from offering any opinions at trial on the scarcity or competitive use multipliers. However, at the February 27, 2024 pre-trial conference, the Court stated that it would allow Professor Sedlik to offer testimony outside the presence of the jury regarding these multipliers, and that it may reconsider its previous rulings. Tr., 28:13-31:19. Plaintiff will be prepared to offer such testimony at the upcoming trial starting on September 16, 2024, and based on *D'Pergo Custom Guitars*, respectfully urges the Court to deny Defendants' Motions *In Limine* Nos. 2 and 3.

Respectfully submitted,

ROBERT E. ALLEN
of GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

2319846.1