

*Jessica S. Rutherford*
*Partner, IP and Litigation Groups*
JRutherford@msf-law.com
Direct Dial: 203-327-1401

September 3, 2024

**VIA ECF**
Honorable George B. Daniels
U.S. District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Gaffney v. Muhammad Ali Enterprises, LLC, et al.*
**Civil Action Nos. 1:18-cv-08770-GBD-OTW; 1:20-cv-07113-GBD-OTW**
**OPPOSITION TO PLAINTIFF'S LETTER MOTION (ECF 288)**

Dear Judge Daniels:

We represent defendants Muhammad Ali Enterprises LLC ("MAE") and Authentic Brands Group LLC ("ABG") (collectively MAE and ABG, the "Muhammad Ali Entities" or "Defendants") in the above-referenced action. We also represent Jasen Wright, a former employee of ABG, and we defended the deposition of JoJo Dizon in connection with this action. Vicky Schiulaz is a current employee of ABG.

We respectfully submit this letter in opposition to Plaintiff Michael Gaffney's letter motion dated August 30, 2024. On the eve of a long holiday weekend, Plaintiff asks this Court to issue an "emergency"[1] order: (1) deeming service of trial subpoenas on the two former employees to be completed; and (2) amending the joint pre-trial order entered February 1, 2024 (ECF 249) to add Ms. Schiulaz as a witness.

The Court should deny both requests because, according to Plaintiff's own statements[2], Mr. Dizon and Mr. Wright have not been given due notice, and Defendants should not be compelled to designate Ms. Schiulaz to testify on their behalf in the event Mr. Dizon is unavailable.

---

[1] On December 2, 2022, Plaintiff filed the joint proposed pre-trial order identifying Mr. Dizon and Mr. Wright as witnesses expected to testify in person in Plaintiff's Case-in-Chief. Plaintiff then waited until four weeks prior to trial (1) to attempt to secure the Court's jurisdiction over Mr. Dizon and Mr. Wright; and (2) to identify Ms. Schiulaz for the first time as a trial witness. Plaintiff's lack of diligence does not warrant Court action on an "emergency basis."

[2] For the record, I did not inform Mr. Allen that Mr. Dizon would be attending the trial. Rather, I informed him that we expected Mr. Dizon to return to the U.S. from the Philippines and resume his employment with ABG before the trial was scheduled to begin in September. In addition, in 2021, I had informed Mr. Allen that we represented Mr. Wright when Plaintiff subpoenaed him for deposition (which Plaintiff ultimately decided not to take). I will provide Mr. Dizon's last known address, but I have been unable to establish contact with him since receiving the subpoena. To be clear, I have not been given authority to accept service of the subpoenas on either individual's behalf.

*Hon. George B. Daniels*
*Page 2*

### Issue #1

Assuming arguendo that the steps set forth by Plaintiff to effectuate service are sufficient, service still should not be deemed complete because Plaintiff has failed to complete all three steps. According to Plaintiff, the process server did not leave a copy of the trial subpoena at Mr. Dizon's or Mr. Wright's last known address. Moreover, even in the cases cited by Plaintiff, service was not deemed complete retroactively as of the date counsel undertook the first of those three steps, as Plaintiff urges. Here, there is no indication that the certified mail was received by either individual as of today's date or that either of these individuals is evading service.

With respect to Mr. Dizon, it would be manifestly unjust to order service through the undersigned counsel, if Mr. Dizon is still in the Philippines. Not surprisingly, the case cited by Plaintiff is inapt. Unlike in *Stream SIVAC v. Wang,* 989 F. Supp. 2d (S.D.N.Y. 2013), Mr. Dizon is not a defendant in this case; he is not currently chairman (or even an employee) of defendant's principal subsidiary, let alone of defendant; and Plaintiff does not claim that it is not practical to effectuate service through the Hague Convention. Here, there is no assurance that counsel can reach Mr. Dizon in the next two weeks, and no assurance that he is available to appear at the courthouse during the trial.

Finally, if Mr. Wright was properly served by leaving the subpoena with an agent at Mr. Wright's place of business who claimed to be authorized to accept service, as Plaintiff alleges, then there is no need for Court relief at this time. Plaintiff need only file Proof of Service with the Court for enforcement. Alternatively, Plaintiff can continue to attempt personal service at Mr. Wright's home. I understand he has recently returned from being out of town.

### Issue #2

The cases cited by Plaintiff in support of adding Ms. Schiulaz as a witness so close to trial are also inapt. In *Halpa v. County of Suffolk*, 2021 WL 160112 (E.D.N.Y. Apr. 23, 2023), the Court learned of plaintiff's inadvertent omissions of treating physicians from plaintiff's witness list on the day of the final pretrial conference (which occurred six months after the joint pre-trial order was filed) and gave both parties relief to afford full discovery regarding the witnesses before trial.

Here, Plaintiff sought to add Ms. Schiulaz to his witness list twenty months after the pre-trial order was filed and seven months after the final pretrial conference. In fact, Plaintiff never even identified Ms. Schiulaz in his Rule 26 disclosures. Plaintiff does not contend that the omission was inadvertent, but rather that he seeks to force Defendants to designate Ms. Schiulaz to testify on Defendants' behalf two weeks before trial.

Defendants would be significantly prejudiced by such an order. Ms. Schiulaz is not presently prepared to testify on the same subject matter as Mr. Dizon, and Defendants cannot prepare her to testify in the time remaining.[3] As the court in *Halpa* recognized, "modifications should not be allowed that would seriously prejudice one of the parties." 2021 WL at *2*, *quoting McFadden v. Sanchez*, 710 F.2d 907, 911 (2d Cir. 1983); *see also, Demirovic v. Ortega*, 2017

---

[3] Mr. Dizon was designated to testify regarding eleven of the 27 topics, for which Plaintiff sought Defendants' deposition.

*Hon. George B. Daniels*
*Page 3*

WL 4621089, *9-11 (E.D.N.Y. Oct. 13, 2017), *aff'd*, 771 F. App'x 111 2d Cir. 2019) (denying motion to amend joint pretrial order to add witnesses who were not identified in disclosures).

Moreover, Plaintiff itself identified emails on which Ms. Schiulaz was a sender or recipient in the joint pretrial order. Thus, the very limited scope of Ms. Schiulaz's involvement in any activities allegedly giving rise to Plaintiff's causes of action was within Plaintiff's knowledge at the final pretrial conference[4]. *See, Eberle v. Town of Southampton*, 305 F.R.D. 32, 35 (E.D.N.Y. 2015).

Finally, Plaintiff cannot claim that any manifest injustice will occur if neither Mr. Dizon nor Ms. Schiulaz testifies in person as to Defendants' financials. If Mr. Dizon is unavailable, Plaintiff may use his deposition testimony. Plaintiff already designated certain deposition testimony by Mr. Dizon regarding financial matters for use at trial.

For the foregoing reasons, Plaintiff's motion should be denied in its entirety.

Very truly yours,

MEISTER SEELIG & FEIN PLLC

By: /s/ Jessica S. Rutherford
Jessica S. Rutherford, Esq.

cc: All counsel of record

---

[4] Contrary to Plaintiff's contention, Ms. Schiulaz's authority to speak on behalf of ABG regarding financial matters is limited to the scope of her employment and does not include testifying at trial.