

Kathleen B. Moore
*Counsel*
KBM@msf-law.com

September 21, 2024

**VIA ECF**

Honorable George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Gaffney v. Muhammad Ali Enterprises, LLC, et al.*
   Civil Action Nos. 1:18-cv-08770-GBD-OTW; 1:20-cv-07113-GBD-OTW

**DEFENDANTS' OBJECTIONS TO JURY CHARGE AND PROPOSED VERDICT FORM**

Dear Judge Daniels:

Defendants Muhammad Ali Enterprises LLC and Authentic Brands Group LLC (collectively, "the Muhammad Ali Entities" or "Defendants") respectfully submit this letter setting forth the following objections to the Court's Jury Charge and to Plaintiff Michael Gaffney's Supplemental Request to Charge the Jury (ECF 304).  In addition, the Muhammad Ali Entities also attach hereto as Exhibit A their Proposed Verdict Form.

1. <u>The Court's Jury Charge re: Contributory Infringement</u> (pp. 35-36)

The Muhammad Ali Entities respectfully submit that in addition to the instruction provided, the jury also be instructed:

"To be liable for contributory infringement, a person's participation in the infringing activity may not consist of merely providing the means to accomplish an infringing activity. Rather, participation in the infringement must be substantial, the contributory infringer's authorization or assistance to the direct infringer must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer." *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc*., 206 F. Supp. 3d 869, 898 (S.D.N.Y. 2016).

2. <u>The Court's Jury Charge re: License Defense</u> (pp. 38-39)

The Muhammad Ali Entities respectfully submit that the final paragraph of this instruction, which provides, "If you find that Defendants proved by a preponderance of the evidence that their uses of the photographs were within the scope of the license agreement, your verdict must be for Defendant on these claims," be amended to read "If you find that Plaintiffs have not proved by a preponderance of the evidence that Defendants uses of the photographs were outside the scope of the license agreement, your verdict must be for Defendant on these claims."

The preceding three paragraphs of this charge properly set forth Defendant's initial burden to prove by a preponderance of the evidence that a license between the parties existed,

and plaintiff's subsequent burden to prove by a preponderance of the evidence that Defendants' uses of the photographs were outside of the license. *Gaffney v. Muhammad Ali Enterprises*, 2022 WL 4095953, *7 (S.D.N.Y. Sept. 7, 2022). The final paragraph, however, conflicts with these paragraphs by incorrectly shifting *back* to Defendants the burden to prove that their uses of the photographs were within the scope of the license.

    3. <u>The Court's Jury Charge re: Defendants' Profits</u> (pp. 43-44)

The Muhammad Ali Entities respectfully submit that under *On Davis v. The Gap Inc.*, 246 F.3d 152, 160 (2d. Cir. 2001), the following language must be added after the first sentence of the final paragraph on page 44 ("Plaintiff has the burden of proving gross revenue by a preponderance of the evidence."):

"*Plaintiff also has the burden of proving that this gross revenue is reasonably related to the infringement.*"

*On Davis*, 246 F.3d at 160. ("the term 'gross revenue' under the statute means gross revenue reasonably related to the infringement"); *Graham v. Prince*, 2023 WL 5917712, at *5 (S.D.N.Y. Sept. 11, 2023) ("A copyright owner bears the initial burden of demonstrating a causal nexus between the infringement and the appropriate gross revenues. The requirement of a 'causal' nexus between the profits of the infringer and the infringement —versus some non-causal 'connection'—is rooted in the text of the statute itself.") (internal quotations and citations omitted); *Bayoh v. Afropunk LLC*, 2020 WL 6269300, at *6 (S.D.N.Y. Oct. 26, 2020) ("Since the Court of Appeals' decision in *Davis*, several decisions in this district have rejected copyright plaintiffs' efforts to shift the burden of showing causation (or the lack thereof) to defendants.").

    4. <u>The Court's Jury Charge re: Statutory Damages</u>

The Muhammad Ali Entities respectfully submit that it may be useful to identify the 10 Photographs that are eligible for an award of statutory damages: Ali-001, Ali-002, Ali-004, Ali-005, Ali-006, Ali-007, Ali-010, Ali-015, Ali-016, Ali-017. ECF 174, pp. 4-5.

In addition, the Muhammad Ali Entities submit that the jurors should be instructed to consider the following factors when awarding statutory damages: 1) the Defendants' state of mind, 2) expenses saved and profits earned by the infringer, 3) revenue lost by the copyright holder, if any, 4) the deterrent effect on the infringer and third parties, 5) the infringer's cooperation in providing evidence concerning the value of the infringing materials, and 6) the conduct and attitude of the parties. *Bryant v. Media Rights Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

The jury should also be instructed that an award of statutory damages should be commensurate with actual damages incurred. *New Line Cinema Corp. v. Russ Berrie & Co.*, 161 F. Supp. 2d 293, 303 (S.D.N.Y. 2001).

Finally, the jury should be instructed that it can make no more than one award of statutory damages for each of the eligible photographs, regardless of how many acts of infringement are alleged, how many copies were made, how widely they were distributed, or how many persons or entities were involved in the infringement. *Agence France Presse v. Morel*, No. 10-CV-2730, ECF 300, p.120, Tr. 1048:11-14 (S.D.N.Y. Nov. 21, 2013) (Transcript of Jury Instructions)

*Hon. George B. Daniels*
*Page 3*
*September 21, 2024*

### 5. Plaintiff's Supplemental Request to Charge the Jury- Corporate Knowledge

The Muhammad Ali Entities object to this instruction on the ground that it is an incomplete statement of the law. Under the law of agency, in order for a corporation to be charged with knowledge of facts learned by its employees within the scope of their employment, the agent must have authority to act on this knowledge. 18B Am. Jur. 2d Corporations § 1413 ("Notice to an officer or agent is notice to the corporation in the circumstance where the officer or agent in the line of his or her duty ought, and may reasonably be expected, to act upon or communicate the knowledge to the corporation.").

The Muhammad Ali Entities therefore propose revising Plaintiff's proposed instruction to add the italicized language:

"In accordance with agency principles, a corporation generally is charged with knowledge of facts that its agents learn within the scope of their employment. Accordingly, the knowledge of officers and employees obtained in the course of their employment will generally be imputed to the corporation. *Notice to an officer or agent is notice to the corporation in the circumstance where the officer or agent in the line of his or her duty ought, and may reasonably be expected, to act upon or communicate the knowledge to the corporation*. The knowledge possessed by a corporation about a particular topic is the sum total of all the knowledge which its officers and agents, who are authorized and charged with the doing of the particular thing, acquire while acting under and within the scope of their authority."

*See* 18B Am. Jur. 2d Corporations § 1413.

Very truly yours,

MEISTER SEELIG & FEIN PLLC


By:   /s/ *Kathleen B. Moore*
      Kathleen B. Moore, Esq.