**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

MICHAEL GAFFNEY, : 

                Plaintiff, :

        -against- :

MUHAMMAD ALI ENTERPRISES LLC, a New York
Limited Liability Company, AUTHENTIC BRANDS
GROUP LLC, a New York Limited Liability Company, :
ROOTS OF, INC., a California corporation d/b/a "ROOTS
OF FIGHT;" and DOES 1-10, :

              Defendants. :

------------------------------------- x

                             MEMORANDUM DECISION
                                AND ORDER

                            18 Civ. 08770 (GBD) (OTW)

                            20 Civ. 7113 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

Before this Court are Plaintiff Michael Gaffney's ("Gaffney") motions for pre- and post-judgment interest (ECF No. 356)[1] and attorney's fees and costs (ECF No. 358). Magistrate Judge Ona T. Wang issued a Report and Recommendation on March 2, 2026, recommending that Plaintiff's motion for attorney's fees and costs be granted with modifications, and that Plaintiff's motion for pre- and post-judgment interest be denied in part and granted in part. (*See* Report and Recommendation ("Report"), ECF No. 403.) On March 16, 2026, Defendants Muhammad Ali Enterprises and Authentic Brands Group (collectively, "Defendants") filed timely objections to the Report. (Objections to Report and Recommendation, ("Objs."), ECF No. 404.) Plaintiff filed a timely reply to Defendants' objections. (Reply, ECF No. 405.) This Court undertakes a *de novo*

---

[1] Except as otherwise noted, all ECF citations herein refer to documents filed under the lead case, 18 Civ. 08770.

1

review of the portions of the Report to which Defendants have timely objected.[2] The remainder of the Report is reviewed for clear error. Having done so, this Court OVERRULES Defendants' objections and ADOPTS the Report in its entirety.

## I.   BACKGROUND AND PROCEDURAL HISTORY[3]

Plaintiff, Michael Gaffney, is a photographer who was exclusively hired to take photographs of Boxer Muhammad Ali. (Report at 1.) In 2011, Gaffney entered into a licensing agreement ("Agreement") with Defendant Muhammad Ali Enterprises for the use of several photographs. (*Id.*) The Agreement granted an "exclusive license" for certain uses, some of which exceeded the expiration of the Agreement in 2015. (*Id.* at 1–2.) After the agreement expired, Defendants continued to use Plaintiff's photographs until April 30, 2019. (*Id.* at 2.) Defendants paid some royalties to Plaintiff through 2018. (*Id.*) No later than 2018, Plaintiff informed Defendants that they were using his photographs without permission. (*Id.* at 9.) By the time Plaintiff commenced his infringement action, Defendants had stopped paying royalties. (ECF No. 352 at 5.)

At trial, the jury found ample evidence that Defendants were aware of the post-termination uses of twenty-three of Plaintiff's photographs. (*Id.* at 14–15.) Based on these findings, the jury returned a verdict for Gaffney, awarding $362,665 in actual damages and $750,000 in infringement profits, or $1,650,000 in maximum statutory damages for willful infringement of eleven of the photographs. (Report at 2.)

---

[2] Defendants object only to the Report's recommendation of the award for attorney's fees and costs, and not to the recommendations on the separate motion for pre-and post-judgment interest. (*See* Objs. at 1 n.1.)

[3] This Court presumes the parties' familiarity with the factual and procedural background of this case and only the facts relevant to the instant motion are recounted herein.

On October 15, 2024, following the jury verdict, Defendants filed post-trial motions seeking judgment as a matter of law that their infringement was not willful, and that one of the photographs was ineligible for statutory damages. (ECF No. 314.) In the alternative, Defendants moved for a new trial on statutory damages, or for remittitur. (*Id.*) Further, Defendants moved for a reduction of the award for infringement profits. (ECF No. 318.) This Court granted the motion to reduce the infringement profits award but denied the motion regarding willfulness and statutory damages. (ECF No. 352.) In doing so, this Court reduced the actual profits award to $4,649.60, and upheld the total statutory damages award, finding willful infringement as to the unauthorized use of eleven photographs. (*Id.*)

On August 22, 2025, Plaintiff filed motions for attorneys' fees and costs, and pre- and post-judgment interest. (ECF Nos. 358, 356.) On September 2, 2025, the motions were referred to Magistrate Judge Ona T. Wang for a Report and Recommendation. (ECF No. 362.)

## II.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth in a magistrate judge's report. 28 U.S.C § 636(b)(1)(C). "When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments de novo." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of the magistrate judge's report to which no objections are made are reviewed for clear error. *See Edwards v. Fishcher*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error

3

is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *See United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## III.   THE REPORT IS ADOPTED IN ITS ENTIRETY

Defendants object to the Report's conclusion that an award of attorney's fees and costs is proper. (Objs. at 3–9.) Defendants further object to the amount of the lodestar fee calculation and reductions. (*Id.* at 11–20.) Finally, Defendants object to the Report's recommended cost award and deductions. (*Id.* at 20–23.) Defendants do not object to the Report's conclusions as to pre- and post-judgment interest. (*Id.* at 1 n.1.)

### A.  An Award of Attorney's Fees and Costs is Appropriate

Magistrate Judge Wang correctly determined that an award of attorney's fees and costs was appropriate under 17 U.S.C. § 505. The Copyright Act provides that a district court may "in its discretion . . . allow the recovery of full costs by or against any party" and "award a reasonable attorney's fee to the prevailing party as part of the costs. 17 U.S.C. § 505. District courts are given "broad leeway" to award attorney's fees and costs. *Kirtsaeng v. John Wiley and Son, Inc.*, 579 U.S. 197, 202 (2016). While courts have broad discretion under § 505, the Supreme Court has laid out "several principles and criteria to guide their decisions", which must be applied on a case-by-case basis. *Id.* (citing *Fogerty v. Fantasty, Inc.*, 510 U.S. 517, 533, 534 (1994)). These "Fogerty factors" have been articulated in the Second Circuit as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) [the parties'] motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (quoting *Fogerty*, 510 U.S. 517).

4

Defendants' defenses were not entirely frivolous, as evidenced by their successful reduction of the number of claims to be tried at the summary judgment stage. (*See* ECF No. 154.) Defendants also successfully reduced the amount of infringement damages after the jury verdict. (ECF No. 352.) However, Defendants knowingly utilized Plaintiff's photographs without paying royalties, which was a condition of the Agreement. This Court also noted that there was "ample evidence" of post-termination uses, with little done to stop these uses. (Report at 5; ECF No. 352 at 14–15.) Defendant's defenses were not necessarily frivolous, but neither were Plaintiff's claims of unauthorized uses. Therefore, this factor does not preclude an award of costs and fees.

Improper motivation is found when a party advances positions "not because of their inherent merit, but rather because it seeks to knowingly gamble on an unreasonable legal theory in order to achieve a secondary gain." *Janik v. SMG Media, Inc.*, No. 16-CIV-7308 (JGK) (AJP), 2018 WL 345111, at *13 (S.D.N.Y. Jan. 10, 2018). Here, while Defendants "advanced arguments grounded in the ambiguity of the . . . Agreement," Gaffney's motivation was to protect his rights to his work, one of the core principles of the Copyright Act. (ECF No. 377 at 18). This factor cuts in favor of awarding fees.

The courts of this Circuit have "generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." *Agence France Presse v. Morel*, No. 10-CV-2730 (AJN), 2015 WL 13021413, at *3 (S.D.N.Y. Mar. 23, 2015), *aff'd sub nom. Presse v. Morel*, 645 F. App'x 86 (2d Cir. 2016). "[T]he fact that a party's factual or legal theory was not ultimately successful does not mean it was objectively unreasonable." *Id.* (citing *Berry v. Deutsche Bank Trust Co. Am.*, 632 F. Supp. 2d 300, 305 (S.D.N.Y. 2009). Here, Defendants' license defense was not objectively unreasonable given the ambiguity to the Agreement's terms that survived summary judgment. Nonetheless,

5

Defendants' contention regarding the limited successes at and before trial in reducing the actual damages award is a Pyrrhic victory, particularly in light of the jury's award of maximum statutory damages for the 11 photographs at issue. This factor is part of this Court's considerations, but it does not preclude an award of fees in this case.

Lastly, Defendants' actions warrant further deterrence and compensation. Awards of attorney's fees and costs under the Copyright Act are meant to "encourage copyright owners to bring such suits and make clear that willful infringers cannot act with impunity" thereby promoting the purposes of the Act. *Design Tex Grp. Inc., v. U.S. Vinyl Mfg. Corp.*, No. 04 CIV. 5002 (JSR), 2005 WL 2063819, at *3–4 (S.D.N.Y. Aug. 24, 2005.) At trial, Plaintiff produced sufficient evidence of willful infringement. (ECF No. 352 at 13.)

First, Plaintiff informed Defendants of their unpermitted use of the photographs no later than 2018. (Report at 2.) Despite multiple communications with Plaintiff notifying them that there was no longer an active agreement between the parties, Defendants continued to profit from the photographs and failed to make further royalty payments past 2018. (ECF No. 352 at 5, 12–13.) There was ample evidence that Defendants were aware of post-termination uses and did little to stop them. (*Id.* at 14.) Further, Plaintiff received only $4,649.60 in infringers' profits after this Court adjusted the jury's damages award. (*Id.* at 12.) However, the jury found the infringement willful enough to impose the statutory maximum. (*Id.* at 20.) While the maximum statutory award may serve as deterrence, this Court in its discretion may award attorney's fees and costs to further promote the purposes of the Copyright Act. *See e.g., Design Tex Grp. Inc.* 2005 WL 2063819 at *3 (explaining that plaintiffs should be rewarded for "suing to vindicate their rights despite the small amount of money actually involved" and that the court must "make clear that willful infringers cannot act with impunity.").

6

Defendants cite *Infinity Broad. Corp v. Kirkwood* for their proposition that the statutory damages award is sufficient for deterrence. 63 F. Supp 2d 420, 427 (S.D.N.Y 1999). The facts of that case are inapposite. There, the defendant litigated his case *pro se*, and the Court gave the minimum statutory damages award, finding that there was no need for "either general or specific deterrence." *Id.* at *427. These factors clearly weighed in favor of the Court's decision not to award attorney's fees and costs. Here, however, Defendants were found to have willfully infringed to a level appropriate for the maximum statutory damages award. (ECF No. 352 at 20.) Defendants were sophisticated parties represented by multiple attorneys, had knowledge of their infringing activity, and yet continued to profit from the photographs. (*Id.* at 12–13.)

Defendants disagree with the Report's reliance on *Design Tex* in finding a fee award to be appropriate. (Objs. at 8–9.) While true that certain facts in *Design Tex* indicate a more egregious level of infringement, the differences in these cases are not dispositive. *See Design Tex Grp. Inc.* 2005 WL 2063819 at *1 (describing defendants as "recidivists" because they had been sued by the predecessor in interest to the plaintiff for infringing in a similar manner prior to the case). While the Defendants in the instant case have not repeatedly been sued by the Plaintiff, they had been warned multiple times that the Agreement expired and knowingly continued to license the photographs and collect revenues while failing to pay Plaintiff royalties. (ECF No. 352 at 12–13.) Therefore, an award of attorney's fees in the spirit of deterring such importune conduct is within this Court's discretion.

## B. The Report's Calculations for Attorney's Fees and Costs Awarded were Reasonable

Defendants object to the Report's lodestar calculation with regard to attorneys from Glaser Weil ("GW"). Magistrate Judge Wang properly calculated the attorney's fees awards. Attorney's fees awards are calculated using a "lodestar" method, which is the "number of hours reasonably

7

expended on the litigation multiplied by a reasonable hourly rate." *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). This calculation "creates a presumptively reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citations omitted). The lodestar calculation should be based on evidence submitted by the party seeking an award "supporting the hours worked and rates claimed. *Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d. 226, 244 (S.D.N.Y. 2023) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Courts in this district typically award copyright partners between $400 and $913 per hour. *See Charles v. Seinfeld*, No. 18-cv-1196 (AJN), 2022 WL 889162 at *10 (S.D.N.Y. Mar. 25, 2022) (indicating that partner rates range from $400 to $913); *See also Broad Music, Inc. v. Pamdh Enters., Inc.*, No. 13-cv-2255, 2014 WL 2781846, at *6–7 (S.D.N.Y. June 19, 2014) (approving $570 hourly rates for copyright partner). Associate rates in this district range from $200 to $575 per hour. *See Charles*, 2022 WL 889162 at *10; *See also Genger v. Genger*, No. 14-cv-5683 (KBF), 2015 WL 1011718 at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have ... recently approved rates for law firm associates in the range of $200 to $450 per hour....").

> i.   *Hourly rate calculations for OGC Solutions LLC and Spinella Law Group were proper*

The Report's hourly rate calculations for attorneys from OGC Solutions LLC ("OGC"), or Spinella Law Group ("SLG") were within a reasonable range. Attorneys from OGC and SLG submitted declarations from counsel and copies of contemporaneous records of time for specific attorneys and paralegals as evidence of hourly rates. (Report at 10.) Partners at OGC charged $495 per hour, and partners at SLG charged $350-395 per hour. (*Id.*) Associate rates at OGC were billed as $395 per hour, and SLG did not charge any associate hours. (ECF No. 359-2.) OGC billed its paralegal time at $150 per hour, and SLG did not charge any paralegal hours. (Report at

8

11.) The Report correctly determined that each of these rates are well within the reasonable range for partners and associates who litigate copyright cases.

### ii. Hourly rate calculations for GW were proper

Defendants object to hourly rate calculations for GW's partner, Mr. Allen. (Objs. at 12.) Magistrate Judge Wang did not err in calculating the hourly rates for Mr. Allen. Mr. Allen charged between $770 and $1100, increasing year on year. (ECF No. 359-1 at 6.) Mr. Allen has over 30 years of experience in intellectual property litigation. (*Id.*) The increase to $1100 per hour in 2025 is not within the reasonable range exemplified by prior case law. However, his $770 hourly rate in 2020 was well within the reasonable range of experienced copyright lawyers. *See Rock v. Enfants Riches Deprimes, LLC*, No. 17-cv-2618 (ALC), 2020 WL 468904 (S.D.N.Y. Jan. 29, 2020) (awarding $913 per hour to a partner with 40 years' experience, and $750 for a partner with 20 years of experience); *See also Craig v. UMG Recordings, Inc.*, No. 16-cv-5439 (JPO), 2019 WL 2992043, at *5 (S.D.N.Y. July 9, 2019) (awarding $828 per hour to a partner with 40 years' experience). Defendants themselves concede in their objections that this district awards between $450 and $900 to copyright partners. (Objs. at 12–13.) As such, a $770 per hour cap on Mr. Allen's hourly rate is proper based on his years of experience and the typical rates awarded in this district.

Defendants object to hourly rate calculations for multiple associates at GW. (Objs. at 13.) The hourly rates calculated by Magistrate Judge Wang were proper. GW's associate rates range from $414 to $625. (ECF No. 359 at 22.) GW's associate rates exceed $600 per hour in very few instances. (Report at 12.) Mr. Burke's hourly rate was properly capped at $550 per hour where his rate started at $550 in 2020 and increased to $625 in 2022. (ECF No. 359-1 at 7.) This increase in rate is beyond the typical range for associate attorneys in copyright cases, warranting a

9

reasonable cap at $550. As to Mr. Linger, his rate was not capped in the Report, and the maximum charged for his services was $625. While this rate is above the typical fee award in this district, Linger was particularly involved throughout the trial, and was the only associate who was part of the trial team with Mr. Allen. (ECF No. 359-1 at 2.) Therefore, an hourly rate of $625 is not unreasonable under the circumstances. Ms. Petersen and Ms. Radloff's rates were properly capped at $570. $570 was Ms. Petersen's hourly rate when she joined the team in 2023, and Ms. Petersen and Ms. Radloff each have about eight to nine years of experience. (*See* Report at 12.) The rate cap of $570 is appropriate and within the range used by this district. *See Charles*, 2022 WL 889162, at *10.

Defendants object to the Report's paralegal rates set at $250. "Reasonable hourly rates for paralegal and litigation support staff range from $150 to $250." *Id.* at *12. Reductions in hourly rates may be made where paralegals have not given information on their experience or expertise. *Id.* Here, GW requested an hourly rate of $300 for litigation support to $525 for paralegals. (ECF No. 359-1 at 6.) The Report made significant deductions when it capped the hourly rate at $250. (Report at 12.) As such, while the cap for paralegal's hourly rates was on the higher end of the spectrum, it remains reasonable relative to the rate that GW requested and within the range used in this district.

### iii. The hours analysis and reductions were appropriate

Defendants object to the Report's ten percent hours reduction to account for excessive billing. Magistrate Judge Wang's reduction was appropriate. "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded ... and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical

10

means of trimming fat from a fee application." *Charles*, 2022 WL 889162, at *13 (quoting *Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

Defendants argue that across the board reductions of at least thirty percent are warranted by excessive hours billed, "top-heavy" staffing, and partial success of the prevailing party. (Objs. at 16–19.) These arguments are unavailing. Defendants cite multiple cases for the proposition that a thirty percent reduction is warranted, all of which contained obvious and egregious billing issues that prevented the court from determining reasonableness. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 646 (S.D.N.Y. 2018) (making a thirty percent reduction where plaintiffs' time entries were redacted, included "hundreds of hours [of] internal meetings and conferences", and included significant amounts of block-billing); *See also De La Paz v. Rubin & Rothman, LLC*, No. 11 CIV. 9625 ER, 2013 WL 6184425, at *4, *4 n.4 (S.D.N.Y. Nov. 25, 2013) (making a thirty percent reduction where "Plaintiff's counsels' records contain significant incidences of terse, nonspecific and otherwise improper billing entries"). No such issues exist in this case. Defendants' declarations claim that Plaintiff's counsel included "excessive, duplicative, and non-compensable entries." (ECF No. 378 at ¶ 13.) However, to support this allegation Defendants reference only a few phone calls on which multiple partners from multiple firms participated for .30 hours, and a single instance where Mr. Allen billed full rate and hours for travel to New York. (Report at 13 n.8.) Defendants do not include further evidence of excessive billing in their objections.

The Report in its discretion made a small reduction of ten percent in hours billed for GW. (Report at 13.) This reduction was warranted under the circumstances. Mr. Allen "block-billed" a small number of hours and occasionally made vague entries. (*Id.*) However, this Court finds that this does not inhibit a determination of whether the majority of the billing was reasonable.

11

The ten percent deduction across the board in hourly totals is sufficient to remedy the few instances of vague and excessive billing. *See S.H.W. v. New York City Dep't of Educ.*, No. 21-CV-7003 (PGG)(OTW), 2023 WL 8480699 at \*6 (S.D.N.Y. Mar. 21, 2023) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("goal of fee shifting is to achieve rough justice, not auditing perfection, and the court may use its discretion to take a percentage deduction to trim a fee application"). Defendant's further objections regarding the practical significance of Plaintiff's contingency fee agreement and further cost reductions are unavailing as this Court finds the Report's calculations reasonable and accurate. *See City of Burlington v. Dague,* 505 U.S. 557, 562 (1992) (citing a "strong presumption" that the lodestar represents the "reasonable fee" and declining to add a contingency fee "enhancement" to a lodestar calculation under a fee-shifting statute because the lodestar factors already consider contingent risks.) The Report's recommended award of fees and expenses to Plaintiff's counsel (*See* Report at 16) is hereby adopted.

## C. Plaintiff's Motion for Pre- and Post-Judgment Interest is Granted in Part and Denied in Part

### i. Pre-Judgment Interest

Plaintiff moves for an award of prejudgment interest on the damages entered against Defendants, asserting that such interest is necessary to fully compensate Plaintiff for the losses sustained as a result of Defendants' willful infringement. (ECF No. 357 at 2). Judge Wang correctly found that pre-judgment interest is not warranted in this instance. This Court has discretion to award pre-judgment interest in copyright infringement cases. *Samsonite IP Holdings S.àr.l. v. Shenzhen Liangyiyou E-Commerce Co., Ltd.*, No. 19-CV-2564, 2023 WL 8805645, at \*20 (S.D.N.Y. Dec. 20, 2023). Some courts have declined to award prejudgment interest for willful copyright infringement, finding that pre-judgment interest should be reserved for 'exceptional'

circumstances, and concluding that damages for willfulness have already been factored into an award of maximum statutory damages. *See Capitol Records, Inc. v MP3tunes, LLC*, No. 07-CV-9931, 2015 WL 13684546 (S.D.N.Y., Apr. 3, 2015) (finding that the sizeable award of statutory damages was sufficient to fully compensate the plaintiffs for their injuries, declining to award prejudgment interest).

Here, this Court awarded $1,650,000 in statutory damages to Plaintiff, a sum that exceeded actual damages. (ECF Nos. 313, 352). Statutory damages under the Copyright Act are designed to provide "reparation for injury" and "to discourage wrongful conduct." *Textil v. Thilikó, LLC*, 2023 WL 5694523, at *5 (citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952)). Judge Wang properly concluded that awarding both statutory damages in the amount of $1,650,000 and attorney's fees in the amount of $1,789,431.55 sufficiently meets the need for deterrence and to make Gaffney whole. (Report at 18; *See e.g., John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 636 (declining to award pre-judgment interest despite jury finding of willful conduct because "[t]he sizable damages already levied against [Defendants], without the addition of pre-judgment interest, are sufficient to fully compensate Plaintiffs for their injuries") (internal quotation marks and citations omitted)). Therefore, Plaintiff's motion is DENIED as pertaining to pre-judgment interest.

### ii. Post-Judgment Interest

28 U.S.C. § 1961 provides for interest as a matter of right "on any money judgment in a civil case recovered in a district court" at a mandatory rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [ ] the date of the judgment." 28 U.S.C. § 1961(a). This Court has already awarded "post-judgment interest at the statutory rate, should Plaintiff elect

13

statutory damages." (Judgment, ECF No. 353 at 2.) Plaintiff now seeks post-judgment interest on his attorney's fees and costs. Judge Wang did not err in finding that Gaffney is entitled to an award of post-judgment interest on attorneys' fees of $1,789,431.55 and costs of $107,280.97 from the date of entry of the judgment—August 12, 2025—until the satisfaction of the judgment, calculated using the 52-week Treasury Bill rate for the calendar week preceding the date of judgment. *See, e.g., Natural Organics, Inc. v. Nutraceutical Corp.*, 2009 WL 2424188, at *30 (S.D.N.Y. Aug. 6, 2009) ("Entitlement to post-judgment interest extends to all money judgments, including awards of attorneys' fees and costs"). Therefore, Plaintiff's motion is GRANTED as pertaining to post-judgment interest.

## IV. CONCLUSION

Defendants' objections are OVERRULED and Judge Wang's Report is ADOPTED in its entirety. Plaintiff's motion for attorney's fees and costs is GRANTED and this Court awards Plaintiff $1,789,431.55 in fees and $107,280.97 in costs. Plaintiff's motion for pre- and post-judgment interest is GRANTED only as to post-judgment interest and DENIED only as to pre-judgment interest. The Clerk of Court is hereby directed to close the following open motions: (1) ECF Nos. 356 and 358 in 18 Civ. 08770; (2) ECF Nos. 230 and 232 in 20 Civ. 7113.

Dated: 3/31/2026
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

14